## GURDEN *v.* STEVENS.

1. MALICIOUS PROSECUTION — MALICE — EVIDENCE — ADMISSIBILITY.
   Where, in an action for the malicious prosecution of a charge of maliciously breaking a church window, plaintiff claims that a conspiracy existed between the defendant and the justice who issued the warrant to extort from him payment for the glass and fees, the question of the good faith of the justice is material, and he may testify in relation thereto, though his opinion of plaintiff's guilt is thereby disclosed.

2. SAME.
   It is also competent to show, as discrediting his alleged good faith, his efforts to obtain protection for defendant against a possible action for malicious prosecution.

3. SAME.
   Defendant is entitled to show that for months injuries to the church had been serious and frequent, as characterizing the intent and motive of the defendant in instituting the prosecution.

4. SAME — CROSS-EXAMINATION OF PLAINTIFF.
   It is not error to allow a full cross-examination of plaintiff as to his knowledge of or connection with the injuries to the church both before and after the injury complained of, such questions having a bearing on the question of plaintiff's motives, and the extent of his injury from the prosecution.

5. SAME—INSTRUCTIONS.

> Instructions in an action for malicious prosecution examined,
> and *held*, not open to the criticism that by them the jury
> were instructed that mere belief that the plaintiff committed
> the offense charged was sufficient cause to make a defense in
> the action on trial.

6. SAME—ADVICE OF COUNSEL.

> In an action for malicious prosecution, instructions relative
> to the defense of advice of counsel, and the necessity of bona
> fides on the part of defendant in procuring and acting upon
> it, examined, and *held*, to correctly state the law, and to
> have been erroneously refused, not having been covered else-
> where in the charge.

Error to Shiawassee; Smith, J. Submitted October
10, 1906. (Docket No. 33.) Decided December 3, 1906.

, Case by Willis Gurden, by next friend, against Theron
Stevens for malicious prosecution. There was judgment
for defendant, and plaintiff brings error. Reversed.

*Watson & Chapman*, for appellant.

*Albert L. Chandler*, for appellee.

HOOKER, J. Willis Gurden, aged 21 years at the time
of the trial of this case, was arrested upon a warrant issued
on February 9, 1905, for maliciously injuring a church by
breaking one window glass of the value of $1, etc. He
was committed to jail for trial, in default of bail, and on
February 11th the justice dismissed the case, and released
the prisoner, at the request of the prosecuting attorney.
This action for malicious prosecution was commenced
against the defendant herein, who made the complaint
upon which the warrant was issued. The cause was tried
by jury, and the trial resulted in a verdict and judgment
for the defendant, upon which the plaintiff has brought
error.

The plaintiff's counsel claimed that the prosecution was
sought by the defendant to compel payment for the broken
window, that defendant knew the breaking was uninten-

tional, and, upon redirect examination of the justice, they asked him for conversation at the time plaintiff was brought before him. The evidence showed that the complainant's church had long suffered from vandalism, and that it finally came to the ears of its board that a window had been broken by the plaintiff. This complaint followed. The justice testified to several essential matters and was cross-examined at length, with the apparent purpose of showing that the defendant had nothing to do with the prosecution except to lay the facts before the magistrate, who in turn determined that it was a proper case for a warrant, and that the case was dismissed by request of the prosecuting attorney. Many questions were asked with an apparent view of testing the good faith of the justice in his action, and it is urged that he was improperly allowed to indicate an opinion of plaintiff's guilt. The opinion of the justice upon the question, and his opinion of defendant's statement of facts, were not material to the issue, except as made so by a claim that he and the defendant colluded to extort money; i. e., payment for the glass and fees, when both knew that the admitted breaking of the glass was not malicious. By reason of such claim it became proper to show his good faith, and the judgment should not be reversed upon the ground stated. Several of the questions resulted in no injury. The fact that the opinions of the justice necessarily appeared from such testimony does not change defendant's right to negative a claim of conspiracy. On the other hand, it was competent to show, by way of contradiction, or discrediting his alleged good faith, his efforts to obtain protection for the defendant, against a possible action for malicious prosecution. This testimony should have been admitted. The defendant was entitled to show the fact that for months, injuries to the church had been serious and frequent, as characterizing the intent and motive of the defendant. It was not error to allow a full cross-examination of the plaintiff as to his knowledge of or connection with the injuries to the church both before and

after the injury complained of. Such questions had a bearing on the question of plaintiff's motives, and the extent of his injury from the prosecution.

It is contended that the court instructed the jury that mere belief that the plaintiff committed the offense charged was sufficient cause to make a defense in the present action. We think that the charge is· not open to this criticism. The court charged the jury that:·

"Now as to advice of counsel. Notice has been given here that this defendant acted upon advice of counsel. That will be a question for you to determine. It may perhaps turn out that the complainant instead of relying upon his own judgment has taken the advice of counsel learned in the law and acted upon that. This should be safer and more reliable than his own judgment, not only because it is the advice of one who can view the facts calmly and dispassionately,. but because he is capable of judging of the facts in their legal bearings. A prudent man is therefore expected to take such advice; and when he does so and places all the facts before his counsel, and acts upon his opinion, proof of the fact makes out a case of probable cause, provided the disclosure appears to have been full and fair and not to have withheld any of the material facts. But the advice must be that of a person accepted and licensed by the courts as one learned in the law and competent to be adviser to clients and to the courts; and if one chooses to accept and rely upon the opinion and advice of a justice of the peace or other layman, he may do so in aid of his own judgment, but it cannot afford him any protection. You will recall that Esquire Walsh was both an attorney and justice of the peace. Moreover, when he places himself under the guidance of counsel, if· facts subsequently come to his knowledge which seem to be important, it is his duty to communicate these to counsel if he expects to rely upon his advice as a justification in the steps subsequently taken."

This was all that was said. Counsel for the plaintiff proffered the following requests:

"In order that advice of counsel should be a protection to the defendant, he must have acted honestly, and, where the facts given are all consistent with the reasonable theory of the innocence of the party, and the prosecutor

knows or has good reason to believe that the person is not guilty whom he is prosecuting, and does not believe him to be guilty, he cannot have a reasonable cause for the prosecution, and he would still be responsible for his actions no matter what some attorney may have told him.

" The advice of counsel is no protection for a party who acts maliciously and knows that the party whom he is prosecuting is not guilty, and further knows that all of the acts which the party against whom he complains has been guilty of are all consistent with the natural innocence of the accused, and if he proceeds under such circumstances, advice of counsel is no protection, and he would be liable for the damages done."

These correctly state the law, and should have been given or the substance incorporated in the charge.

The judgment is reversed, and a new trial ordered.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.