ROUSE *v.* GROSS.

1. Jury—Voir Dire—Mutual Insurance Company.

Trial judge's refusal to allow questioning at *voir dire* examination as to membership of prospective jurors in any mutual insurance company was not error where it is undisputed defendant was not represented by a mutual insurance company and the trial judge had been so informed.

2. Automobiles—Through Highway—Stop Sign—Enforcement of Traffic Control Order.

Admission in evidence of statutorily authorized traffic control order designating paved street on which westbound defendant was traveling as a through street was not error, where trial court carefully instructed jury that no stop sign had actually been erected at the gravel street intersection approached by northbound car in which plaintiff was a passenger and court read portion of statute prohibiting enforcement until erection of such sign giving notice of the traffic regulation (CLS 1954, § 257.606).

3. Same—Negligence—Question for Jury—Intersections—Right-of-Way.

Whether or not westbound defendant motorist was guilty of negligence was a question for the jury in action by passenger of northbound car for injuries sustained at intersection on Christmas eve, where defendant was traveling 35 miles per hour, saw northbound car slow down but not stop as it skidded across ice-covered eastbound lane into defendant's lane, since if the cars entered the intersection at the same time, defendant had the right-of-way (CLS 1954, § 257.649).

References for Points in Headnotes

[1]  31 Am Jur, Jury § 208.
    Questioning jurors on voir dire regarding insurance. 4 ALR2d 792.
[2]  5A Am Jur, Automobiles and Highway Traffic §§ 296, 311, 321.
[3]  5A Am Jur, Automobiles and Highway Traffic § 1028.
[4]  5A Am Jur, Automobiles and Highway Traffic § 1092.
[5]  3 Am Jur, Appeal and Error § 1122.
[6]  5A Am Jur, Automobiles and Highway Traffic § 1100.
[7]  3 Am Jur, Appeal and Error § 1003.

4. SAME—INTERSECTIONS—RIGHT-OF-WAY—INSTRUCTIONS.

Instructions to jury in intersection accident case which did charge on plaintiff's theory of the case, as to duties of the parties relative to stopping and right-of-way at an open intersection, *held*, not to have contained reversible error, although not in the language requested by plaintiff.

5. APPEAL AND ERROR—INSTRUCTIONS—WORKMEN'S COMPENSATION.

Plaintiff, injured while responding to call as a volunteer fireman en route to fire, *held*, to have no justifiable complaint as to instructions given on the workmen's compensation aspect of the case, the workmen's compensation insurer having intervened in action against third-party tort-feasor.

6. AUTOMOBILES—NEGLIGENCE—PROXIMATE CAUSE—INSTRUCTIONS.

Charge to jury that plaintiff, a passenger in northbound car which collided with defendant's westbound car on Christmas eve at an intersection, that plaintiff could not recover unless defendant's negligence "was the proximate and direct cause of the deceased's death" although obviously inadvertent in that plaintiff had not died and correct rule merely required proof that defendant's negligence be only *a* proximate cause *held*, not reversible in view of other parts of charge that negligence of plaintiff's driver could not be imputed to plaintiff and no request for correction of the error was made.

7. APPEAL AND ERROR—NEW TRIAL—PREJUDICIAL ERROR.

The error which calls for a new jury trial is one of such significance as to have prejudiced the result, one without which the Supreme Court can say that the result might well have been different.

Appeal from Oakland; Adams (Clark J.), J. Submitted June 9, 1959. (Docket No. 46, Calendar No. 47,702.) Decided October 13, 1959.

Case by Stewart J. Rouse against Matt C. Gross for personal injuries sustained in automobile collision. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Cozadd & Shangle* (*Ben W. Boutell,* of counsel), for plaintiff.

*Carl F. Davidson,* for defendant.

Edwards, J. Appellant Rouse appeals from a jury verdict and judgment of no cause for action entered in the Oakland county circuit court. He states 14 issues on appeal, 2 of which concern the trial judge's rulings, and 11 others his charge to the jury. The 14th issue is a claim that the jury verdict was against the overwhelming weight of the evidence.

Stewart Rouse was a volunteer fireman in the Farmington township fire department. As such he was paid a minimum rate of $3 for each fire to which he reported.

On December 24, 1953, Rouse and his wife were driving home from Christmas shopping when the fire siren blew. Rouse drove directly to the firehouse, picked up his equipment and got into a private automobile owned and driven by a fellow fireman, Maurice Frederick.

Traveling to the fire, Frederick was driving north on Springbrook road, approaching the intersection of Nine Mile road.

It is undisputed that Springbrook is a gravel road carrying less traffic than Nine Mile which is a paved road designated by the commissioner of State police and the Oakland county road commission as a through street. No stop sign, however, was or ever had been erected at the Springbrook intersection— although other nearby roads paralleling Springbrook had stop signs at their Nine Mile road intersections.

Frederick testified that as he approached Nine Mile road he took his foot off the gas, slowed down, and then seeing an approaching automobile put his foot on the brake. His car slid on the icy surface of Springbrook road, into the Nine Mile intersection, and collided there with a car being driven in a westerly direction by defendant-appellee Matt C. Gross.

Mr. Rouse was thrown from the Frederick vehicle and suffered severe injuries claimed to be permanent in nature.

Mr. Rouse sought and received workmen's compensation benefits available as a result of his employment with Farmington township. Subsequently he filed suit against defendant Gross, and the workmen's compensation insurance carrier, Michigan Mutual Liability Company, intervened as plaintiff, claiming subrogation to the rights of Rouse to the extent of approximately $1,800 medical and hospital and compensation benefits paid.

The case was tried before an Oakland county jury which returned a verdict of no cause for action. Circuit Judge Clark Adams subsequently entered this verdict as the judgment of the court and denied Rouse's motion for new trial. After plaintiff served notice of appeal, a stipulation was entered under which the cause of action was discontinued as to Michigan Mutual Liability Company only.

Appellant's first issue dealt with the trial judge's refusal to allow questioning at voir dire examination as to the membership of prospective jurors in any mutual insurance company. It appears undisputed that defendant was not represented by a mutual insurance company, and the trial judge was so informed.

Subsequent to filing of appellant's brief, this Court decided *Darr* v. *Buckley,* 355 Mich 392. We consider it authority for affirmance of the trial judge as to this issue.

Appellant's second issue pertains to admission at trial of a defendant's exhibit 4. This was a traffic control order signed by the commissioner of State police and 3 members of the Oakland county road commission designating Nine Mile road (among others) as a through street. Statutory authority for

this order is provided by CLS 1954, § 257.606 (Stat Ann 1953 Cum Supp § 9.2306).

While the trial judge ruled the order admissible, he carefully included in his instructions to the jury the fact that no stop sign was actually erected at the Springbrook intersection, and also read the portion of the statute (CLS 1954, § 257.606, subd [c] [Stat Ann 1953 Cum Supp § 9.2306, subd (c)]) which prohibits enforcement until signs giving notice of the traffic regulation are erected.

We find no error in his ruling. The traffic control order did not establish a statutory duty to stop on the part of plaintiff's driver. The judge was careful to say so. But the order does seem relevant to the general nature of the intersection and, hence, to be admissible.

The 14th claim of error asserts that the verdict is against the overwhelming weight of the evidence. We cannot agree. The testimony shows that defendant Gross was proceeding west at a rate of 35 miles per hour, approaching Springbrook, that on the intersecting gravel road he saw a car approaching which was slowing down, and that the car did not stop but skidded into and across the eastbound lane, into the lane in which defendant was traveling. Under the right-of-way statute (CLS 1954, § 257.649 [Stat Ann 1952 Rev § 9.2349]), defendant, as the party on the right, had the right-of-way if the jury found both automobiles entered the intersection at the same time. Under these circumstances, the question of whether defendant's conduct was negligent was a question of fact for the jury. The weight of the evidence is not overwhelmingly against their verdict of no cause for action.

Appellant also presents 11 claims of error pertaining to the trial judge's charge. Of these, we shall deal specifically with only the most important.

Examining the charge, we find that the trial judge did charge as to the plaintiff's theory of the case.

The trial judge carefully cited the 2 statutes applicable to this open-intersection accident. As we have noted, he took care to inform the jury that plaintiff's driver did not have a legal duty to stop at the Nine Mile road crossing absent any stop sign (CLS 1954, § 257.606, subd [c] [Stat Ann 1953 Cum Supp § 9.2306, subd (c)]). He also instructed as to the right-of-way statute (CLS 1954, § 257.649 [Stat Ann 1952 Rev § 9.2349]) which gave the right-of-way to defendant as the party on *the right* if the jury found both automobiles entered the intersection at the same time.

Although the charge was not in the language requested by plaintiff, it appears to us to have been adequate and fair.

We believe also that plaintiff has no justifiable complaint as to the trial court's instructions on the workmen's compensation aspect of the case.

It is true, however, that the trial judge was mistaken when he charged "plaintiff cannot recover in this case against the defendant unless you find he has established the following propositions by a fair preponderance of the evidence. * * * Third: The said negligence was the proximate and direct cause of the deceased's death."

Plaintiff did not die—as the jury very well knew. Also, the correct rule requires proof of negligence which was *a* proximate cause of the injury complained of. *Gleason* v. *Hanafin,* 308 Mich 31; *Gapske* v. *Hatch,* 347 Mich 648.

However, immediately following use of the language above, the trial judge charged the jury as follows:

"In that connection let me point out to you that the plaintiff in this cause was not driving the automobile, and regardless of whether or not the driver, Mr. Frederick, was negligent or not, you cannot impute or impose upon the plaintiff the responsibility for the negligence of Mr. Frederick. To repeat, I am not passing on whether Mr. Frederick was negligent or not, but if he was, you cannot shoulder that burden of negligence upon the plaintiff in this cause because you cannot impute negligence to a passenger from the conduct of the driver."

It is hard to read this language without concluding that, even if the jury considered plaintiff's driver negligent, plaintiff could still recover against defendant if he were found guilty of negligence which was a proximate cause of the accident.

We find no indication that the obviously inadvertent error we have referred to was noted by counsel for plaintiff at trial—or, if noted, thought of such significance as to warrant a request for correction.

As to the issues which deal with the judge's charge, we determine these by taking the charge as a whole. Tested on this basis, we find no prejudicial error.

The right of trial by jury ordinarily refers to a right to present or defend an actionable claim to 1 jury to the point of jury verdict and judgment.

Reversal for new trial does not follow automatically from a showing of error in the course of a generally fair trial. There probably never was, and never will be, a perfectly conducted jury trial. The error which calls for a new jury trial is one of such significance as to have prejudiced the result. *Miskiewicz* v. *Smolenski*, 249 Mich 63; *Sheehan* v. *Dalrymple*, 19 Mich 239. It must be one without

which we can say that the result might well have been different. *Gapske* v. *Hatch, supra.*

Affirmed. Costs to appellee.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Voelker, and Kavanagh, JJ., concurred.