## HOLBERT *v.* STANIAK.

1. AUTOMOBILES—SPEED—VIOLATION OF STATUTE—NEGLIGENCE—RE-
QUEST TO CHARGE.

It was reversible error for the trial court to fail to give request
to charge that southbound defendants were negligent as a
matter of law in colliding with plaintiff's westbound car,
where defendants' car was being driven at a speed sub-
stantially in excess of posted speed limit of 45 miles per hour
(CLS 1956, § 257.627).

2. SAME—THROUGH HIGHWAYS—INTERSECTION—REQUEST TO CHARGE.

Westbound motorist who had stopped before entering 4-lane
through highway, had waited for northbound traffic to clear,
and had proceeded to center of highway was entitled to have
request to charge given that he could assume drivers of other
vehicles on through highway would observe the law of the
road and was not guilty of negligence in acting on such
assumption in believing he could cross in safety under the
testimony presented as to speeds of southbound cars near the
intersection, and failure to give such request or the substance
thereof was reversible error.

3. TRIAL—INSTRUCTIONS—UNQUESTIONED FACTS.

The trial judge cannot leave it to the jury to deduce the rule
of law to be deduced from unquestioned facts, but must do it
himself and give the jury positive instructions on the facts.

4. AUTOMOBILES—INSTRUCTIONS—SPEED.

Instruction permitting jury to find that defendants' driver was
not exceeding the posted 45-mile-an-hour speed limit was not

REFERENCES FOR POINTS IN HEADNOTES

[1]  5A Am Jur, Automobiles and Highway Traffic § 288.
[2]  5A Am Jur, Automobiles and Highway Traffic § 296.
   Right of way at street or highway intersections.   37 ALR 493,
   47 ALR 595.
[3]  53 Am Jur, Trial § 546.
[4]  5A Am Jur, Automobiles and Highway Traffic § 1098.
[5]  53 Am Jur, Trial § 524.

proper in action arising from intersection accident, where all of the testimony, including that of such driver, was that he exceeded the speed limit by 10 or more miles per hour.

5. TRIAL—REQUEST TO CHARGE—INSTRUCTIONS.

Omission to give a duly-requested instruction upon the applicable law of a case is error, where the substance of the request to charge has not been given by the trial court in his own language in a manner not so disconnected as to impair the force of the request.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted January 6, 1960. (Docket No. 19, Calendar No. 47,823.) Decided April 11, 1960.

Case by William J. Holbert, a minor, by his next friend, Hugh Oliver Holbert, against Edward Staniak, doing business as Ed Staniak Motor Sales, and Leonard Hankins, doing business as Hankins Motor Sales, for personal injuries sustained in automobile collision. Verdict and judgment for defendants. Plaintiff appeals. Reversed and new trial granted.

*William J. Eggenberger (William D. Eggenberger, of counsel), for plaintiff.*

*Carl F. Davidson, for defendant Staniak.*

*Lowell C. Stellberger (James C. Hoeberling, of counsel), for defendant Hankins.*

KAVANAGH, J. Plaintiff instituted suit in the Wayne county circuit court against Leonard Hankins, doing business as Hankins Motor Sales, and Edward Staniak, doing business as Staniak Motor Sales, to recover for severe personal injuries sustained in a collision at the intersection of highway M-97 and Frazho road in the city of Warren, Michigan, on January 12, 1956. Defendant Hankins was the owner of a 1955 Buick which was being operated

by Roger Nagy, an agent and employee of defendant Staniak.

Defendant Hankins was engaged in the used car business. Defendant Staniak operated a bump and repair shop on Eleven Mile road. Hankins was a customer of Staniak. Certain cars need repair and renovating before resale, and Staniak gave estimates and repaired the cars before they were offered for sale. Under the original arrangement, Hankins delivered the cars to Staniak for repairs, but for a long period of time prior to the accident, Staniak would pick up the cars at Hankins' place of business. Staniak had been called to pick up the Buick car at Hankins' place of business on the date of the accident. He picked up the Buick and drove back to his own place of business on Eleven Mile road. Subsequently, he received a call from another firm to pick up a car. This firm, Scribner & Bohm, was located on Van Dyke. Staniak, with Nagy driving, used Hankins' Buick. The accident happened as they were on their way to pick up the Scribner & Bohm car.

At the point of accident, highway M–97 is a 4-lane concrete highway, 40 feet in width, running north and south through Macomb county, with a double yellow line dividing the north- and southbound lanes. It is a so-called through highway. Frazho road is a 2-lane road, 20 feet wide, running east and west and intersecting highway M–97. Frazho road is controlled by stop signs at this intersection. Highway M–97 has a posted speed limit of 45 miles per hour.[*]

Plaintiff testified in substance as follows: He had been driving in a westerly direction on Frazho road, and one Douglas Kadau was a passenger in his car. He stopped at the stop sign east of the paved portion of M–97. Both north- and southbound traffic on M–97

---

[*] CLS 1956, § 257.627 (Stat Ann 1952 Rev § 9.2327).—REPORTER.

was heavy. He intended to make a left turn to proceed south on M-97. After having stopped at the stop sign, he edged up to a point approximately 8 feet from the east edge of M-97. He stopped again and waited for traffic to clear. When the northbound traffic cleared, he looked to the north and observed 2 southbound cars in the most westerly lane. The nearest car, a Ford operated by Max Rogers, was approximately 450 feet north of the intersection. The second vehicle was the defendants' Buick, which was 40 to 60 feet behind the Ford. He estimated their speed at about 45 miles per hour and formed an opinion that he could safely enter the intersection and complete his turn. He entered M-97, looking in a southwesterly direction. He again looked to the north when his passenger said, "Watch out for the Buick." At that time the front of his car was about 2 feet into the inside of the southbound lane and defendants' Buick was 50 to 75 feet away in the east southbound lane traveling 70 to 75 miles per hour. Rather than complete his left turn and to avoid being struck in the rear, he accelerated his car to go straight across M-97. He had completely crossed the intersection when he was struck by defendants' vehicle at a point 2-1/2 feet west of the intersection.

Douglas Kadau, the passenger in plaintiff's car, testified substantially the same, except he stated that as they entered the intersection the southbound Ford car was approximately 400 feet away and defendants' Buick 50 feet behind it. He continued to watch these 2 cars, and at about the same time plaintiff was at the center line, defendants' car accelerated rapidly, pulled out and started to pass the Ford. The cars were approximately 300 to 350 feet north of the intersection when this occurred. He estimated that the driver of the Buick accelerated his car to a speed of 70 to 75 miles per hour. He further testified that

when plaintiff was midway between the 2 south-bound lanes, defendants' car swerved back into the outside lane and partially onto the shoulder and struck plaintiff after he cleared the intersection.

The investigating police officer testified that defendants' vehicle left 50 feet of skid marks leading onto the shoulder of the road and up to the point of impact, which occurred 2-1/2 feet west of the westerly edge of the paved portion of M-97. He also testified that defendants' car came to rest 177 feet south of the point of impact.

Max Rogers, driver of the Ford car, testified he was traveling south on M-97 at approximately 50 miles per hour. He stated that defendants' car passed him when he was 400 to 500 feet north of Frazho road at a speed of at least 65 miles per hour. He was approximately 200 to 300 feet from the intersection at the time of the accident and had no difficulty stopping north of the intersection. He further testified there was no need for defendants to swerve back into the outside lane, and had they remained in the inside southbound lane the accident would not have happened.

Defendant Staniak, who was riding with Nagy, testified he first observed the plaintiff's car when he was 100 feet north of the intersection, his attention being attracted to plaintiff's car when driver Nagy applied the brakes. He testified that at that time plaintiff's car was headed in a westerly direction and was blocking both of the southbound lanes. He further testified that at the time of the impact the easterly southbound lane was completely unobstructed.

Driver Nagy admitted he was exceeding the posted speed limit of 45 miles per hour and that he didn't observe plaintiff's car entering the intersection. He stated he first noticed it when he was approximately 100 feet away from the intersection and at a time

when plaintiff's car was slightly over the center line. He admitted to the police officer that his speed at the time of impact was between 55 to 60 miles per hour.

Defendant Hankins at the close of the testimony made a motion for a directed verdict on 2 grounds: (1) That the plaintiff failed to establish his freedom from contributory negligence and that he was contributorily negligent as a matter of law; and (2) that codefendant Staniak and his employee, Roger Nagy, did not have express or implied consent to operate the Buick automobile on January 12, 1956, at the intersection of Frazho road and M–97. ' The court reserved decision on the motion.*

The case was then submitted to the jury. The jury returned a verdict of no cause of action in favor of the defendants. The court entered judgment on the verdict.

· Motion for new trial was made by plaintiff on the grounds the verdict was contrary to law, against the great weight of the evidence, and because of improper charge and refusal to give certain of plaintiff's requests to charge.

The court filed a written opinion denying the motion for new trial, and plaintiff appeals.

Plaintiff claims on appeal that the trial court erred in denying plaintiff's motion for a new trial because:

(a) The court refused to give plaintiff's requests to charge Nos. 2, 4, 5 and 6.

(b) The court refused to give plaintiff's request to charge No. 6 after the jury asked for a clarification of the court's instruction as to contributory negligence.

(c) The verdict was contrary to the great weight of the evidence.

---

* See CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 27.1461 *et seq.*).—Reporter.

During deliberations, the jury returned to the courtroom and the jury foreman conveyed to the court the following message: "We, the jury, would like a better understanding on contributory negligence." The court restated the previous instructions given in regard to contributory negligence, and then conferred with counsel in chambers. He agreed to give plaintiff's request to charge No. 6; however, he returned to the courtroom and gave the same instructions he had previously given, failing to give the complete charge as requested.

We believe the court erred in failing to give the second paragraph of plaintiff's request to charge No. 4 and the entire request to charge No. 6.

The second paragraph of plaintiff's request to charge No. 4 reads as follows:

"I charge you that under the law, violation of a statute is negligence *per se,* that is, negligence in and of itself, and inasmuch as defendants' driver admitted traveling in excess of the posted speed limit of 45 miles per hour, the defendants violated the statute. Therefore, I charge you that the defendants are negligent as a matter of law."

Plaintiff's request to charge No. 6 is as follows:

"I charge you that a person operating an automobile on a public highway, exercising reasonable care, may assume that others using the highway will also act with reasonable care, and he is not negligent in acting accordingly. He has a right to assume that the drivers of other vehicles will observe the law of the road, and he is not guilty of negligence in acting upon such assumption.

"I further instruct you that if the relative distances and speeds as testified by Mr. Holbert and the witnesses were such as would induce the reasonably prudent man to the belief that he could cross in safety, he is not guilty of negligence in proceeding. He may assume if he is nearest to the inter-

section or entering it, or within the intersection, that the one who is farthest away will use due care and will accord to him his legal rights."

The second paragraph of the fourth request to charge was a proper statement of law applicable to this case, particularly when it is connected with the proximate cause portion of the charge as given. All of the witnesses testified that defendant driver was exceeding the posted speed limit of 45 miles per hour. Defendant driver himself so admitted and testified.

It is an old established rule of law that where the facts are unquestioned from which a rule of law is to be deduced, the judge cannot leave it to the jury to deduce the rule, but must do it himself, and give them positive instructions upon the facts. *Stearns* v. *Vincent,* 50 Mich 209 (45 Am Rep 37).

Where the testimony as to a fact is not disputed, the jury should be instructed to find it accordingly. *Dondera* v. *Frumveller,* 61 Mich 440.

Where all of the evidence on both sides tends clearly to prove a fact, such fact may, and generally should, be assumed as proved; and in such case a charge to the jury indicating that it is competent for them to find either way is error. *Druse* v. *Wheeler,* 26 Mich 189.

The trial judge charged as follows:

"So, if you find from the testimony in this case, that the defendant's car, being operated by Mr. Nagy, the employee of Mr. Staniak, was exceeding the speed limit, then you would conclude that the defendant was guilty of negligence, *per se.*"

Despite the testimony of all witnesses, that defendants' driver exceeded the posted speed limit, the trial judge left the question to the jury as to whether he did exceed the speed limit. This was not a proper charge.

In the case of *Babbit* v. *Bumpus,* 73 Mich 331 (16 Am St Rep 585), the Court held a party has the right to have the law of his case go to the jury in its plain-est, simplest form, and if it is properly requested and furnished, it should be given, and unless the substance of the request has been as well given by the court in his own language, its omission is error.

In *Comstock* v. *Norton,* 36 Mich 277, the Court ruled it is error to refuse a charge, asked by a party, which is applicable to his theory of the case and which his evidence tends to support.

Justice Black, writing in *Vachon* v. *Todorovich,* 356 Mich 182 (72 ALR 2d 1299), held that it was reversible error for the trial court to fail to give a requested instruction that defendant had failed to prove his allegation of contributory negligence, there being no proof or inference from proof on which the jury might have found plaintiff guilty of any causal act of negligence.

It has also been held that it is error to refuse to give requests that correctly state the law applicable to the facts, unless such requests are covered by the general charge in a manner not so disconnected as to impair their force. *Mynning* v. *Detroit, L. & N. R. Co.,* 59 Mich 257; *Gurden* v. *Stevens,* 146 Mich 489. Furthermore, the case of *Carrel* v. *Kalamazoo Cold Storage Co.,* 112 Mich 34, held the refusal to grant a request to charge, where there is evidence in the case to support it, is erroneous, unless it is fairly covered by the general charge.

The second part of the fourth request to charge should have been given and would have clearly stated the law. The failure to do so, and the failure of the trial court to charge in his own words to the same effect, constituted reversible error.

Plaintiff's sixth request to charge was also a correct statement of the law. Although the court in his charge gave the first part of it in his own words, it

was not so tied up to the facts in this particular case as to make it clear to the jury that the plaintiff had a right to rely upon the fact that the defendants would not suddenly violate the law by rapidly accelerating their car far beyond the posted speed limit and reach the intersection before plaintiff would have a chance to cross.

That the jury was confused with respect to the negligence of plaintiff contributing to the accident is shown from the fact that they returned to the courtroom seeking directions from the court. At this point the court should have given charge No. 6 as requested, because it would have completely and correctly stated the law in the case and should have eliminated the confusion in the minds of the jurors.

Reversible error was committed by failure of the court to correctly charge the jury as to the applicable law in at least these 2 instances. The charge did not fairly present the plaintiff's theory of the case to the jury. Since a new trial must be had, this Court is not undertaking to discuss the other questions raised, as they may be properly disposed of at the retrial.

The judgment entered by the trial court is reversed, and a new trial is granted, with costs in favor of plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.