BENSINGER v HAPPYLAND SHOWS, INC

1. Negligence—Statutes—Violation—Proximate Cause.

   Although violation of a statutory duty constitutes negligence per se, the violation of the statute alone is not sufficient to establish liability; the violation must have been a proximate cause of the injury and the question of proximate cause is one for the jury.

2. Automobiles—Illegal Parking—Stopping.

   Parking is a form of stopping, and where signs prohibit parking in a certain area stopping in that area except for reasons authorized by statute is also prohibited (MCLA 257.38, 257.674).

3. Automobiles—Illegal Parking—Negligence Per Se—Question of Law.

   There was a statutory violation and negligence per se where the evidence showed that defendant's driver parked his tractor-trailer on the highway although "No parking at any time" signs were visible and were actually observed by the driver and the driver stopped at that point for his own convenience to check whether a clearance light was operative and not to make any necessary repairs, or to avoid conflict with other traffic, or to comply with the directions of a police officer, or with a traffic control device (MCLA 257.38, 257.694).

4. Automobiles—Illegal Parking—Stopping—Negligence.

   Failure to give plaintiff's requested instruction that defendant driver and his employer were negligent as a matter of law was reversible error where no legal justification existed for defend-

References for Points in Headnotes

[1] 57 Am Jur 2d, Negligence §§ 261–268.

[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 231.

[3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic § 1002.

[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 752.

[6] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 537, 538, 557–559.

Reciprocal duties of driver of automobile and bicyclist or motorcyclist, 172 ALR 740.

ant driver's stopping his tractor-trailer in a "no parking" zone on a state trunkline highway in order to see whether the rear clearance lights on his vehicle were functioning properly and where he made no attempt to ascertain whether there were places along the road where he could have left the pavement to make that investigation and there were places nearby where he could have legally parked (MCLA 257.38, 257.674).

5. AUTOMOBILES—ILLEGAL PARKING—LEGAL EXCUSE.

The test for legal excuse of violation of the statute prohibiting parking on a highway when not loading or unloading except when making necessary repairs is not whether there was good reason for it but whether defendant's driver parked his vehicle to make necessary repairs (MCLA 257.38).

6. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—EVIDENCE—BLOOD ALCOHOL.

Refusal to permit evidence of decedent passenger's blood alcohol content to show the driver's condition relative to intoxication at the time driver's motorcycle collided with defendant's illegally parked tractor-trailer was not error and the trial judge properly ruled that the possible prejudice to the plaintiff outweighed any probative value.

Appeal from Grand Traverse, Charles L. Brown, J. Submitted Division 3 October 12, 1972, at Grand Rapids. (Docket No. 12050.) Decided February 21, 1973. Leave to appeal denied, 389 Mich 794.

Complaint by Jane W. Bensinger, administratrix of the estate of Herbert W. Bensinger, deceased, against Happyland Shows, Inc., and Ivan Everett Hone, Jr., for negligence. Verdict of no cause of action. Plaintiff appeals. Defendants cross-appeal. Reversed and remanded for a new trial.

*Murchie, Calcutt & Brown,* for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendants.

Before: Holbrook, P. J., and R. B. Burns and Targonski,* JJ.

Holbrook, P. J. On July 14, 1963, at approximately 2:30 a.m., defendant Hone was driving a tractor-trailer truck owned by defendant Happyland Shows, Incorporated, within the city limits of Traverse City, Michigan. Defendant Hone, in order to ascertain whether the rear lights on his vehicle were functioning properly, stopped the truck in the right-hand lane on Munson Avenue, which is a four-lane street designated as a state trunkline highway. The point where defendant Hone stopped was posted "No parking at any time" pursuant to orders issued by the State Highway Department. Plaintiff's decedent was a guest passenger in the sidecar of a motorcycle owned and operated by one Clarence Sanders. The motorcycle, at the aforementioned time and place, collided with the rear of the truck causing injuries which resulted in decedent's death. Plaintiff appeals from a jury verdict of no cause of action. Defendants filed a claim of cross-appeal.

At the close of defendants' proofs, plaintiff moved for a directed verdict on the issue of liability and requested that the issue of damages be the only issue submitted to the jury. This motion was denied. The motion was renewed after all the proofs were submitted and again was denied. Thereafter, plaintiff also requested an instruction to the jury to the effect that defendant's driver was negligent as a matter of law in parking his vehicle on the highway in violation of MCLA 257.674; MSA 9.2374. Instead, the trial court charged the jury as follows:

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"The statutes of the State of Michigan provide in part that no person shall park a vehicle, except when necessary to avoid conflict with other traffic, or in compliance with the law or the directions of a police officer or traffic control device, such as an automatic signal light, in any of the following places:—and that includes 'at any place where official signs prohibit stopping.' And it is undisputed that Mr. Hone, the driver of the truck, stopped on the south side of Munson Avenue prior to the accident, and that official 'No Parking' signs were posted along the highway at this point.

\* \* \*

"In considering whether or not Mr. Sanders was guilty of negligence, there is no question but what illegal parking is a violation, and negligence as a matter of law, *unless there is good reason for it;* and it is negligence, as a matter of law, for any person to drive upon any highway or street in the State of Michigan while under the influence of intoxicating beverages. [Emphasis supplied.]

\* \* \*

"Now, getting back to considering whether Mr. Hone, the defendant driver, parked his semi-tractor-and-trailer in an improper manner, the motor vehicle code defines parking to mean: 'Standing a vehicle, whether occupied or not, upon a highway when not loading or unloading, except when making necessary repairs.' The defendant contends that the testimony is uncontroverted and not denied that Mr. Hone did stop his vehicle because he had seen his left rear clearance light was out, and his intentions were to stop the vehicle immediately and see whether repairs would be necessary and, if repairs were necessary, if the lights were out, that he would place warning devices to the rear of his truck. Therefore, you may consider this testimony in making a determination as to whether or not this definition of 'parking' under the Motor Vehicle Code provisions applies—which I have just read to you."

After the court's instructions to the jury, plaintiff objected to the omission of her requested instruction and the inclusion of the aforementioned in-

structions thereby properly preserving the alleged errors for appeal.

It is well established that violation of a statutory duty constitutes negligence per se. However, such a violation of the statute alone is not sufficient to establish liability. It must have been a proximate cause of the injury. *Holmes v Merson,* 285 Mich 136 (1938).

The statute, MCLA 257.674; MSA 9.2374, which was allegedly violated reads as follows:

"(a) No person shall park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places:

* * *

"14. At any place where official signs prohibit stopping."

Parking is defined in MCLA 257.38; MSA 9.1838 as follows:

" 'Parking' means standing a vehicle, whether occupied or not, upon a highway, when not loading or unloading except when making necessary repairs."

To determine whether the trial court erred in submitting to the jury the issue of defendant's violation of statute, which if present would constitute defendant's negligence per se, we turn to the principles set forth in *Holbert v Staniak,* 359 Mich 283, 290 (1960).

"It is an old established rule of law that where the facts are unquestioned from which a rule of law is to be deduced, the judge cannot leave it to the jury to deduce the rule, but must do it himself, and give them positive instructions upon the facts. *Stearns v Vincent,* 50 Mich 209 (45 Am Rep 37) [1883].

"Where the testimony as to a fact is not disputed, the

jury should be instructed to find it accordingly. *Dondero v Frumveller,* 61 Mich 440 [1886].

"Where all of the evidence on both sides tends clearly to prove a fact, such fact may, and generally should, be assumed as proved; and in such case a charge to the jury indicating that it is competent for them to find either way is error. *Druse v Wheeler,* 26 Mich 189 [1872]."

The undisputed facts reveal that on July 14, 1963, at approximately 2:30 a.m., defendant Hone was driving a tractor-trailer unit owned by defendant Happyland Shows, Incorporated on US 31-M 72, Munson Avenue, inside the city limits of Traverse City. The highway consisted of four travel lanes bordered by a curb with no shoulder. The speed limit at the point in question was 35 miles per hour. Defendant Hone, as he was proceeding down the highway glanced down and thought he observed a spark of some kind. Thereafter, he thought he observed that an upper rear clearance light was not operative. He decided to check it out as he didn't want any of the lights to be out. He turned on the right-hand turn signal to move over to the curb. He gradually moved over, taking about two blocks before coming to a halt in the right-hand lane of the two eastbound lanes on the traveled highway. Prior to stopping, he passed, without noticing, at least two side streets. There was a gas station approximately one tenth of a mile ahead of the point where he stopped which he did not remember seeing but where he could have parked. He did not look to see if there were places to pull off the highway to stop. If he had observed the side streets, there was nothing to prevent him from pulling off onto one of them. At the point where defendant Hone stopped the vehicle, parking on the highway was prohibited, being marked "No parking at any time". The signs were visible

and were actually observed by defendant Hone. He stopped at the point in question as a matter of convenience.

A short time later, plaintiff's decedent, riding as a guest passenger in a sidecar of a motorcycle owned and driven by one Clarence Sanders, was killed when said motorcycle collided with the rear of the tractor-trailer.

There can be no question that the undisputed facts establish that defendant violated MCLA 257.674. Defendant Hone stopped the vehicle upon the highway and permitted it to stand there and was not loading or unloading it. There is no evidence that he stopped the vehicle to make any necessary repairs as the vehicle did not break down on the highway. Rather, the evidence clearly shows that he stopped the vehicle to ascertain whether the lights on the rear of the vehicle were functioning properly and not to make any necessary repairs. Defendants have not presented any evidence to show that the vehicle was parked in order to avoid conflict with other traffic or was necessary to comply with the law or the directions of a police officer or traffic control device.

Defendants' assertion that MCLA 257.674 is not applicable because the statute indicates that parking is prohibited when the signs prohibit "stopping" and the signs herein involved prohibited "parking" is without merit. The act that the statute prohibits is parking. Parking is merely one form of stopping. Thus, when the signs involved prohibited parking in the area in question, they were, in effect, prohibiting that form of stopping as contemplated by the statute.

Furthermore, under the facts and circumstances of the instant case, *i.e.*, knowingly parking in a "No Parking" zone on a state trunkline highway

in order to ascertain whether the rear clearance lights on the vehicle were functioning properly after making no attempt to ascertain whether there were places along the road where he could have left the pavement entirely for the purpose of making an investigation and where there were such places, there is no legal justification for violating the parking statute involved. See *Graham v United Trucking Service, Inc,* 327 Mich 694 (1950).

Therefore, we conclude that the undisputed facts of the instant case clearly establish that defendant's driver violated MCLA 257.674, and therefore was negligent as a matter of law. We determine that the trial court erred in failing to instruct the jury that the defendants were negligent as a matter of law. *Holbert v Staniak, supra.* However, the fact that the defendants were negligent as a matter of law does not establish their liability as such negligence per se is not necessarily a proximate cause of the injury. *Holmes v Merson, supra.* Under the facts of the instant case, the question of proximate cause is one for the jury. Therefore, while we reverse on the issue of negligence per se, we remand for determination of the issue of proximate cause.

In any event we rule that the instruction that the trial court gave on the issue of negligence per se of defendants was in error. It instructed:

"In considering whether or not Mr. Sanders was guilty of negligence, there is no question but what illegal parking is a violation, and negligence as a matter of law, *unless there is good reason for it."* (Emphasis supplied.)

The test for legal excuse of violation of the statute was not whether there was good reason for it, but whether defendant's driver parked the vehi-

cle to make necessary repairs. MCLA 257.38; MSA 9.1838.

The plaintiff raises other issues which we choose to consider in a limited manner.

(1) Was there evidence to justify submitting to the jury the question whether plaintiff's decedent was contributorily negligent in riding with Clarence Sanders?

Inasmuch as the case must necessarily be retried and we cannot anticipate the proofs, we merely point out that such an issue is governed by the case of *Graham v Trucking Service, Inc, supra.*

(2) Was there evidence to justify submitting to the jury the question of whether plaintiff's decedent was contributorily negligent in not warning Clarence Sanders of the presence of defendant Happyland's truck?

On retrial, if the evidence presented is sufficient, the trial court shall observe the rule as enunciated in the Michigan Standard Jury Instructions No. 11.01.

(3) Was the statement of Charles Worm regarding his observation of the rear trailer lights, testified to by defendant Hone, inadmissible hearsay?

In the case of *Matthews v Aluminum Acceptance Corp,* 1 Mich App 570, 575 (1965) we ruled that:

"The theory of the hearsay rule is that, when a human utterance is offered as evidence of the truth of the fact asserted in it, the credit of the assertor becomes the basis of our inference, and therefore the assertion can be received only when made upon the stand, subject to the test of cross-examination."

The admission of such testimony was improper and is reversible error.

(4) Was the trial court's instruction relating to the "assured clear distance" rule improper?

Inasmuch as there will necessarily be a retrial of the case, the Court should follow the case of *Dismukes v Michigan Express, Inc,* 368 Mich 197 (1962) when presenting this issue to the jury.

Defendants' cross-appeal asserts that the trial court should have permitted evidence of decedent's blood alcohol content to show Sanders' condition relative to intoxication. The trial court refused to admit such testimony saying: "that the possible prejudice to the plaintiff outweighs any probative value." Defendants have failed to cite any authority in support of their position or to substantiate any error on the ruling of the trial court. We, therefore, conclude that defendants' cross-appeal is without merit.

Reversed and remanded for new trial. Costs to plaintiff.

All concurred.