DAVIES v GOODYEAR TIRE & RUBBER COMPANY

Docket No. 29555. Submitted January 5, 1978, at Grand Rapids.—
Decided April 19, 1978.

Archie Davies, a passenger in an automobile, was injured when a
tire failed on a truck immediately ahead, the truck slowed to
leave the roadway, and the car in which Davies was riding
struck the rear of the truck. Davies brought an action for
damages against Goodyear Tire & Rubber Company, the manu-
facturer of the tire. The Kent Circuit Court, George V.
Boucher, J., entered a judgment on a jury verdict of no cause of
action. Plaintiff appeals, alleging that the trial court should
have instructed the jury to find that the tire was not reason-
ably fit for its anticipated use, because testimony that the tire's
failure resulted from a manufacturing defect was uncontra-
dicted. *Held:*

The plaintiff established a defect in the tire, required to be
proved in a case based upon a breach of implied warranty, the
theory upon which the case was submitted to the jury. Where
the testimony regarding a fact is undisputed the jury should be
instructed to find that fact in accordance with that testimony.

Reversed and remanded.

BEASLEY, J., dissented. He would hold that where the undis-
puted testimony was that of an expert witness who expressed
an opinion, as occurred in this case, it constitutes an exception
to the general rule that where the testimony regarding a fact is
not disputed the jury should be instructed to find that fact in
accordance with the testimony. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Products Liability §§ 3, 98, 114.
[2] 63 Am Jur 2d, Products Liability §§ 15, 63.
[3] 75 Am Jur 2d, Trial § 493.
    76 Am Jur 2d, Trial § 1202.
[4] 30 Am Jur 2d, Evidence §§ 1080, 1083.
    81 Am Jur 2d, Witnesses §§ 656, 657.
    Credibility of witness giving uncontradicted testimony as matter for
        court or jury. 62 ALR2d 1191.
[5] 31 Am Jur 2d, Expert and Opinion Evidence § 183.

Opinion of the Court

1. Products Liability — Breach of Implied Warranty — Proof — Defect — Injury.

A plaintiff in a products liability case based on a theory of breach of implied warranty must prove a defect in manufacture and injury or damage caused by or resulting from that defect in order to prevail against the manufacturer.

2. Products Liability — Breach of Implied Warranty — Proof — Defect — Failure of Product.

A plaintiff has established the defect required to be proven in a products liability case based on breach of an implied warranty where he has proved that a particular defect in a product caused the product's failure while it was being used for its anticipated or reasonably foreseeable purpose or use.

3. Trial — Instructions to Jury — Findings of Fact — Undisputed Testimony.

A jury should be instructed to find a fact in accordance with the testimony where the testimony regarding that fact is undisputed.

Dissent by Beasley, J.

4. Witnesses — Assertions of Witnesses — Belief in Testimony.

*A mere assertion by a witness does not, in itself, need to be believed, even though the witness is not impeached in any manner.*

5. Witnesses — Expert Witnesses — Opinion Testimony — Undisputed Testimony.

*The opinion of an expert witness, even though uncontradicted, is not conclusive or binding; the weight of such testimony is best left to the jury in its determination of an issue of fact.*

*Reamon, Williams, Klukowski & Craft, P.C.,* for plaintiff.

*Wheeler, Upham, Bryant & Uhl,* for defendant.

Before: D. F. Walsh, P.J., and R. M. Maher and Beasley, JJ.

Per Curiam. Plaintiff brought a products liability action to recover for injuries sustained as the

result of the failure of a tire manufactured by the defendant. The case was submitted to the jury on a theory of implied warranty. Plaintiff appeals from a verdict of no cause of action.

The only issue on appeal is whether uncontradicted testimony that the tire's failure resulted from a manufacturing defect entitled the plaintiff to a jury instruction directing a finding that the tire was not reasonably fit for its anticipated use.

Defendant is a manufacturer of tires, one of which was sold to Great Lakes Express and installed on the right front wheel of a cab tractor. As the tractor was hauling a trailer on I-94, the tire's tread splice delaminated causing a portion of the tread to fall off the tire. When the truck slowed to pull off the roadway, it was struck from behind by an automobile in which plaintiff was a passenger. Plaintiff was seriously injured and filed this action seeking damages.

At trial, plaintiff presented expert testimony that the tire's failure was the result of a manufacturing defect—an open tread splice. In addition to describing the defect in detail, the expert witness also testified that his examination of the tire yielded no evidence of improper mounting or other condition that might have contributed to the tire failure. The opinions and conclusions of plaintiff's expert were corroborated by the report of an independent expert and of an expert in the defendant's employ.

The defendant rested without offering any proofs rebutting the above testimony and did not attempt to impeach either the testimony or the qualifications of plaintiff's expert, whereupon the plaintiff moved the trial court to instruct the jury that as a matter of law the evidence had established a manufacturing defect. The court denied the motion,

ruling that in a products liability action based upon an implied warranty (the only theory submitted to the jury) the existence of a manufacturing defect was "irrelevant and immaterial".[1]

We hold that the plaintiff was entitled to the requested instruction.

To prevail against a manufacturer in a products liability case on a theory of implied warranty, a plaintiff must prove (a) the defect in manufacture upon which he relies, and (b) injury or damage caused by or resulting from such defect. *Kupkowski v Avis Ford, Inc,* 395 Mich 155; 235 NW2d 324 (1975), *Caldwell v Fox,* 394 Mich 401; 231 NW2d 46 (1975), *Piercefield v Remington Arms Co, Inc,* 375 Mich 85; 133 NW2d 129 (1965). The import of the foregoing cases is that the gravamen of an implied warranty action is an injury caused by a manufacturing defect in a product.

It may be that not all manufacturing defects render a product unfit for its anticipated use. Hence, undisputed proof that a product was in some way defective would not always prove that the product was not reasonably fit for the use for which it was intended. However, when the plaintiff proves that a particular defect caused the product's failure while it was being used for its anticipated or reasonably foreseeable purpose or use, he has established the "defect" required to be proven in an implied warranty action.[2] See *Mosier v American Motors Corp,* 303 F Supp 44 (SD Tex, 1967), *aff'd* 414 F2d 34 (CA 5, 1969).

In the instant case, all the pertinent evidence

[1] The trial court was convinced that the evidence did establish that a defect existed and indicated its willingness to so instruct the jury in the context of an express warranty theory.

[2] This statement harmonizes the language of the Supreme Court cases defining this cause of action with that of the pertinent standard jury instructions. SJI 25.23(a), (b).

attributed the tire's failure to a defect in manufacture. Where the testimony regarding a fact is undisputed the jury should be instructed to find that fact in accordance with that testimony. *Douglas v Edgewater Park Co,* 369 Mich 320; 119 NW2d 567 (1963), *Dondero v Frumveller,* 61 Mich 440; 28 NW 712 (1886), *Bensinger v Happyland Shows, Inc,* 44 Mich App 696; 205 NW2d 919 (1973).[3] Accordingly, we hold that the trial court erred in denying plaintiff's motion. The proofs established the existence of a manufacturing defect. The jury should have been so instructed.

Because the jury returned a general verdict for the defendant, we can only speculate as to the reasons for their decision. Therefore, we reverse. *Smith v Jones,* 382 Mich 176; 169 NW2d 308 (1969), *Rouse v Gross,* 357 Mich 475; 98 NW2d 562 (1959). Insofar as the existence of a manufacturing defect has been established as a matter of law, we remand for a new trial to determine the remaining factors relating to defendant's liability. See *Bensinger v Happyland Shows, Inc, supra.*

Costs to appellant.

BEASLEY, J. *(dissenting).* I respectfully dissent.

Plaintiff moved for a directed verdict against defendant on the existence of the alleged defect in the tire, claiming that all of the evidence supported such a finding of fact and that there was not any contrary evidence. Counsel for plaintiff said:

"* * * [T]he proper course of action is direction to advise the jury that the question is no longer subject to

---

[3] See *Holbert v Staniak,* 359 Mich 283; 102 NW2d 186 (1960), *Druse v Wheeler,* 26 Mich 189 (1872). Defendant would have us exclude expert testimony from this rule. However, neither the above cases nor those cited by the defendant support such a distinction.

their determination, that this defect has been estab-
lished as a matter of law and that they can proceed to
the question of proximate cause."

Plaintiff's counsel further said:

"Perhaps, Your Honor, I was guilty of coarse lan-
guage when I said directed verdict. What I should have
said was a mandatory finding of fact."

Still further on in the argument with respect to
his motion, counsel for plaintiff said:

"What I want in effect, Your Honor, is that (a) be
determined to have been established as a matter of law
* * *."

The (a) that counsel referred to is Standard Jury
Instruction 25.23(a) which the court indicated in
the context of this case would be:

"(a) that the Goodyear truck tire was not reasonably
fit for the use or purpose anticipated or reasonably
foreseeable by the Defendant in one or more of the
ways claimed by the Plaintiff; * * *."

What plaintiff appears to be saying is that the
court must tell the jury that, as a matter of law, it
has been established that a defect existed in the
tire at the time it left defendant's factory.[1]

In this case, plaintiff offered expert testimony
that a large piece of tread had come loose from the
right front tire of the tractor-trailer while it was
rotating. This caused the tractor-trailer to slow
suddenly and to veer to the right. Traveling 70
miles per hour in his police vehicle, plaintiff's

---

[1] Because this record contains no reference whatever to a special
verdict as authorized under GCR 1963, 514 in the trial judge's
discretion, only a general verdict was ever contemplated here.

driver was unable to stop and struck the left rear corner of the tractor-trailer.

The experts testified the tread came loose as a result of a manufacturing defect described as an open tread splice. This expert testimony came in response to hypothetical questions and was properly admissible into evidence in support of plaintiff's theory. There was no testimony contradicting the experts.

Under the Michigan Standard Jury Instructions, adopted pursuant to GCR 1963, 516.6, the trial court was obliged to give the pertinent instructions set forth in Standard Jury Instructions 25.11, 25.13, 25.21 and 25.23.

In this case, the trial judge followed the Standard Jury Instructions, instructing in part as follows:

"When I use the words 'proximate cause,' I mean, first, that there must have been a connection between the failure of the product to meet the warranty and the injury complained of by the plaintiff, and, second, that the occurrence which is claimed to have produced that injury was a natural and probable result of such failure to meet the warranty. There may be more than one proximate cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the occurrence. To be a proximate cause, the claimed failure of the product to meet the warranty need not be the only cause, nor the last cause. If you decide that the product failed to meet the warranty and that such failure was a proximate cause of the occurrence, it is not a defense that the conduct of someone other than the defendant may also have been a cause of this occurrence. However, if you decide that the only proximate cause of the occurrence was the conduct of someone other than the defendant or its employees, then your verdict should be for the defendant.

"On the questions of whether or not the accident was

a natural and probable result of such a failure to meet the warranty and whether or not the conduct of someone other than the defendant or its employees was the only proximate cause of the accident, you may consider the conduct of the driver of the Michigan State Police cruiser, in which plaintiff was a passenger, which would constitute a violation of any of the following duties: * * *

* * *

"When I use the words 'implied warranty,' I mean a duty imposed by law which requires that the manufacturer's product be reasonably fit for the purpose and use intended or reasonably foreseeable by the manufacturer.

* * *

"First, that the Goodyear truck tire was not reasonably fit for the use or purpose anticipated or reasonably foreseeable by the defendant in one or more of the ways claimed by the defendant;

"And, second, that the truck tire was not reasonably fit for the use or purpose anticipated or reasonably foreseeable by the defendant at the time it left the defendant's control;

"And, third, that the plaintiff was injured;

"And, fourth, that the defective tread splice in that tire was a proximate cause of the injuries to the plaintiff.

"Your verdict will be for the plaintiff if he was injured and the product, when it left the defendant's control, was not reasonably fit for the use or purpose anticipated or reasonably foreseeable by the defendant, and this was a proximate cause of his injuries.

"Your verdict will be for the defendant if plaintiff was not injured, or if the product was reasonably fit for the use and purpose anticipated or reasonably foreseeable by the defendant at the time the tire left defendant's control, or if the defective tread splice in that tire was not a proximate cause of the injuries."

The general rule of law is that mere assertion

by a witness does not, of itself, need to be believed, even though he is not impeached in any manner.[2]

In *People v Burbank,* 234 Mich 600, 606; 208 NW 687 (1926), the Michigan Court stated:

"It surely cannot be the law that the testimony of a witness as to a fact which, if established, fully rebuts the presumption on which the *prima facie* case rests, must in all cases be accepted as true, no matter how improbable or unworthy of belief it may seem to be. While the jury may not weigh the presumption against the proof offered to rebut it, *it is for them to determine whether such proof, although uncontradicted, establishes the fact* relied on to rebut the presumption." (Emphasis added.)

The majority state that this case is controlled by the rule that where the testimony regarding a fact is undisputed, the jury should be instructed to find that fact in accordance with that testimony. However, where an expert expresses an *opinion,* it constitutes an exception to the general rule stated by the majority. For example, in *Vial v Vial,* 369 Mich 534, 537; 120 NW2d 249 (1963), the Court said:

"Indeed, no trier or triers of fact are bound to accept opinion testimony, however expert and authoritative, as they proceed to determine issues of fact duly committed to them for finding or verdict."[3]

---

[2] 7 Wigmore, Evidence (Chadbourn Rev), § 2034, p 344. The text writers in 32 CJS, Evidence, § 569(1)(b), pp 602-606, state the rule as follows:

"The testimony of an expert witness is not to be accepted as truth per se, and is not proof of a fact. Opinions of experts are generally not conclusive, binding, or controlling; and this is the rule even when such opinions are uncontroverted, or uncontradicted, or not disputed, or unambiguous, or unanimous. The opinions are merely, or purely, advisory, or, as the courts have alternatively declared, merely evidentiary, and all or part of an expert's opinion may generally be accepted or rejected as it appeals to the judgment and conscience of the trier of the facts."

[3] See, *Yonkus v McKay,* 186 Mich 203, 211; 152 NW 1031 (1915):

The three cases cited by the majority do not involve expert testimony in the nature of expressing an opinion. For example, in *Douglas v Edgewater Park Co,* 369 Mich 320; 119 NW2d 567 (1963), the case involved a claim of violation of a fire regulation promulgated under a state statute. Among other things, the fire regulation required safety instruction for employees under certain circumstances. In that case, the Court found that violation of the regulation was evidence of negligence and that the trial court should have instructed that the regulation had been violated.

In *Bensinger v Happyland Shows, Inc,* 44 Mich App 696; 205 NW2d 919 (1973), this Court found that there were undisputed facts that defendant violated a section of the motor vehicle code by stopping his vehicle upon a highway and permitting it to stand there at a time when he was not loading or unloading. Neither of these cases come within the exception afforded the situation where the testimony constitutes an expression of opinion by an expert.

I would believe that the wiser rule and the better authority leaves this type of fact question to determination by the jury without comment by the court on the weight of the expert testimony. Therefore, I respectfully dissent.

I would affirm.

---

"The administration of justice does not require the establishment of a rule which compels the jury to accept as absolute verity every uncontradicted statement a witness may make."

Commentary on effect of expert testimony: 11 MLP, § 268, p 498. Expert testimony, if uncontradicted, is conclusive as to some facts, but *not all.* See also *Eaves v City of Ottumwa,* 240 Iowa 956; 38 NW2d 761; 11 ALR2d 1164 (1949), Anno: *Propriety and effect of instructions in civil case on the weight or reliability of medical expert testimony,* 86 ALR2d 1038, 1044.