VIAL *v.* VIAL.

1. DIVORCE—EXTREME CRUELTY—OPINION EVIDENCE.
   A trial court is not bound to accept the opinions of defendant wife's psychiatrists in husband's suit for divorce on the ground of extreme and repeated cruelty, wherein wife claimed such acts were excused because at the time of their commission she was suffering from schizophrenia and not mentally responsible for her conduct, as against lay testimony of facts indicating knowledge of right, of wrong, of capacity and of fair understanding of the result and impact of emotional attitudes and changes thereof.

2. EVIDENCE—OPINION TESTIMONY.
   Opinion testimony is not of the highest order, since it cannot be met and tested in the way that the existence of a fact may be tested.

3. DIVORCE—EXTREME CRUELTY—FINDINGS OF TRIAL COURT—EVIDENCE.
   Record presented on defendant wife's appeal in husband's suit for divorce on ground of extreme and repeated cruelty *held*, not to militate preponderantly against trial court's findings that wife had understood the nature of her conduct at the time of the acts committed.

4. SAME—ENFORCED CELIBACY—RECONCILIATION—SCHIZOPHRENIA.
   A decree of divorce is to be preferred over a status of enforced celibacy, where there is no chance the parties will reconcile, no hint that they can or will live together and no persuasive suggestion that the schizophrenic mental condition of a party to the marriage has or will change.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation §§ 392, 410.
[2] 20 Am Jur, Evidence § 1206.
[3] 17 Am Jur, Divorce and Separation §§ 392, 410, 437, 450.
[4] 17 Am Jur, Divorce and Separation §§ 168–170.
[5] 17 Am Jur, Divorce and Separation § 629 *et seq.*

5. SAME—APPEAL COSTS—ATTORNEY FEES.

> Decree of affirmance of divorce to husband on wife's appeal without an award of costs or fees is accompanied by authority to trial court to determine amount defendant wife should receive from plaintiff to compensate her in whole or in part for expenditures on appeal including appellate counsel fees with right of application for review thereof in case either party is dissatisfied.

Appeal from Washtenaw; Breakey, Jr. (James R.), J. Submitted December 5, 1962. (Calendar No. 98, Docket No. 49,514.) Decided March 8, 1963.

Bill by Alexander Burgess Vial against Mary Edna Vial for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Bonisteel & Bonisteel,* for plaintiff.

*Carpenter, Harrington & Douvan (Arthur E. Carpenter,* of counsel), for defendant.

BLACK, J. At conclusion of a long and thorough hearing the plaintiff husband was granted a decree of absolute divorce according to the prayer of his bill. The case is here on the defendant wife's appeal with no question raised save that of sufficiency of the proof as justifying such decreed divorce. All issues pertaining to child custody,* alimony, and property rights were adjusted and adjudged without apparent dissatisfaction.

This brings us to the point most earnestly stressed by the defendant wife; that if the acts and causes found below constituted legal grounds for divorce, such were legally excused because she was mentally ill when they were committed. Citing *Gardner* v.

---

* The 2 children now are aged 15 and 19 respectively.

*Gardner,* 239 Mich 306, defendant states this salient question:

"Does conduct of the defendant while she was suffering from mental illness diagnosed as schizophrenia constitute cruelty justifying the granting of a divorce on that ground?"

The chancellor's opinion consists of 13 printed pages and seems to have been the product of painstaking care. The controlling conclusion reached by him was that, although Mrs. Vial on several occasions had disclosed symptoms of mental disturbance, "there have been numerous occasions over the years that she has been guilty of extreme and repeated cruelty—mental cruelty—to the plaintiff at periods when she was entirely lucid, in the opinion of the court." Following such preambular declaration the opinion sets forth in detail the findings recorded in support thereof. No profit to bench and bar would stem from present rehash thereof. It is sufficient to say that same call for no animadversion here.

Concentrating her argument for reversal, defendant says that the chancellor substituted his judgment, "as to the existence of mental illness and its influence upon the conduct of the defendant," for "the undisputed testimony of qualified psychiatrists." If that is so, Judge Breakey nonetheless was not obliged to accept the opinions of defendant's psychiatrists as against that which was testified to factually and found by him. When the trier of an issue such as was framed below receives opinion testimony of mental incapacity or illness on the one hand, as against lay testimony of facts indicating knowledge of right, of wrong, of capacity and of fair understanding of the result and impact of emotional attitudes and changes thereof, there is no legal obligation to accept the former over the latter.

If such were the rule, no will would be entirely safe as against mere opinion testimony of mental incompetence. Indeed, no trier or triers of fact are bound to accept opinion testimony, however expert and authoritative, as they proceed to determine issues of fact duly committed to them for finding or verdict. The reason is that opinion testimony is not of the highest order since, as pointed out in *McNally* v. *Colwell,* 91 Mich 527, 536 (30 Am St Rep 494), "a man's opinion cannot be met and tested, as could his testimony to the existence of a fact." And see, in addition to *McNally's* general comment upon the comparably light weight of opinion testimony, Jones' complete treatment (2 Jones Blue Book of Evidence, §§ 390, 391, pp 970–973) headed "infirmity of expert testimony," the text of which is in full accord with the modern weight of authority the reader will find collected in 86 ALR2d 1038, 1044.

Aside from the foregoing evidentiary rule we find nothing in the psychiatric testimony which tends to militate preponderantly against the chancellor's findings, or to suggest that the opined nature of defendant's mental condition was such as to call for an independent determination by this Court that she was "incapable of intentionally doing or committing an act that will constitute a ground for divorce" (see the *Gardner Case* at 308, 309).

The case in summary is one where the remarks and conclusions of the Court in *Burlage* v. *Burlage,* 65 Mich 624, are fully applicable. That the testimony and findings would have justified a statutory decree of separation is manifest. There is no chance that the parties will reconcile; no hint that they can or will live together, and no persuasive suggestion that the mental condition described by the psychiatrists has or will change. It is better in these circumstances that the Court not turn out, "into the world,

in enforced celibacy, persons who are neither married nor unmarried" (*Burlage* at 627)*, especially when some legal grounds for divorce have been testified before and upheld by the primary weigher of testimony.

The decree is affirmed, without an award by this Court of costs or fees. Noting that the chancellor has determined the amount and has provided for payment of defendant's lower court counsel fees, we leave for his determination the amount defendant shall receive from plaintiff to compensate her— in whole or in part—for expenditures on appeal including appellate counsel fees. In case either party is dissatisfied with such determination he or she may apply for review under Court Rule No 60 (1945); now GCR 1963, 806.2(5).

Carr, C. J., and Dethmers, Kelly, Souris, and Otis M. Smith, JJ., concurred with Black, J.

Kavanagh, J., concurred in result.

O'Hara, J., took no part in the decision of this case.

---

* This quotation appears with adoptive approval in *Horning* v. *Horning*, 162 Mich 130, 134; *Coon* v. *Coon*, 163 Mich 644, 646; *Dreijer* v. *Dreijer*, 200 Mich 619, 622; and *Conkey* v. *Conkey*, 237 Mich 326, 329.