HUGHSON *v.* O'REILLY.

1. APPEAL AND ERROR—FINDINGS OF FACT—SUFFICIENCY OF EVIDENCE.

   The Court of Appeals does not overrule findings of fact in a nonjury action at law unless the record does not justify such findings and such findings are clearly erroneous (GCR 1963, 517.1 and 810[2]).

2. SAME—FINDINGS OF FACT—SUFFICIENCY OF EVIDENCE.

   A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

3. INTOXICATING LIQUORS—FINDINGS OF FACT—SUFFICIENCY OF EVIDENCE.

   Claim by defendant bar owner that the trial court erred in finding that injuries, admittedly received by plaintiff as the result of an assault by her husband, were proximately caused by his intoxication and that defendant contributed thereto by serving husband alcoholic beverages while already intoxicated *held,* without merit, where the evidence indicated that the husband had consumed over 2 dozen drinks of beer and whiskey during the evening, the last of which were consumed at defendant's hotel, various witnesses testified that his demeanor was one of alternate moods of depression, exhilaration, and flamboyance, and plaintiff testified that her husband had never attacked her while sober, since the record fails to indicate that a mistake was committed by the trial court, and its findings of fact are supported by the record (CLS 1961, § 436.22).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[2]  5 Am Jur 2d, Appeal and Error §§ 609, 841.
[3]  30 Am Jur, Intoxicating Liquors § 525 *et seq.*

Appeal from Genesee; Parker (Donn), J. Submitted Division 2 March 3, 1967, at Lansing. (Docket No. 1,336.) Decided July 10, 1967.

Complaint by Karolyn M. Hughson against Ann M. O'Reilly, executrix of the estate of Raymond J. O'Reilly, deceased, doing business as Fenton Hotel, for injuries sustained when plaintiff was attacked by her husband after being served intoxicating liquor at defendant's bar. Judgment for plaintiff. Defendant appeals. Affirmed.

*Norman N. Gottlieb,* for plaintiff.

*Caplan & Barsky (George Stone,* of counsel), for defendant.

McGREGOR, J. In May, 1962, the appellee, a trained nurse who managed a rest home, received a message when she came home for supper, to call her husband at the bar of the Fenton Hotel. At the time, the appellee was pregnant, but she and her husband were not living together and she had filed for a divorce. She called her husband and he requested that she meet him at the bar to talk, which she did. After some conversation with her husband at the bar, she left with a mutual female friend and went to the rest home. Later, she and the friend departed to complete some errands. When they returned to the home, she was met in the parking lot by her husband. The conversation between the parties was not renewed, but instead, the appellee's husband proceeded violently to attack his wife, by striking her, knocking her down, and twisting her arm until it broke in several places. The husband was not subdued until the local police arrived on the scene and then not until the police shot the husband in the leg. The injuries to the wife were

severe, requiring substantial expenditures for medical treatments, and resulting in a several-month interruption in her ability to continue gainful employment.

The appellee brought suit under section 22 of the Michigan liquor control act, CLS 1961, § 436.22 (Stat Ann 1965 Cum Supp § 18.993), alleging the proprietors of the Fenton Hotel sold alcoholic beverages to her husband after he was intoxicated and thereby contributed to his violent attack upon her. The theory of the defense was that the attack was not because of any intoxication but because of a mental or emotional disorder of the husband. The appellant pointed to the husband's history of blackouts and erratic behavior. Sitting without a jury, the trial court found the appellee's husband was intoxicated at the time of the attack on his wife, that such intoxication was caused or contributed to by the appellants, and that such intoxication was a proximate cause of the injuries inflicted upon his wife. Damages of $10,000 were awarded. This appeal disputes the findings of the facts of the trial court.

On review of an action at law tried by the court without a jury, this Court does not overrule findings of fact unless the record does not justify such findings and such findings are clearly erroneous. GCR 1963, 517.1 and 810(2); *Coffee-Rich, Inc., v. Department of Agriculture* (1965), 1 Mich App 225. The United States Supreme Court has defined this term:

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.* (1948), 333 US 364, 395 (68 S Ct 525, 542, 92 L ed 746, 766).

An examination of the record, with its many pages of conflicting testimony concerning the condition of appellant's husband, supports the finding of the trial court that he was intoxicated, both when served the intoxicating beverages at the hotel, and subsequently when he attacked his wife. The conclusion of intoxication was supported by evidence as to the amount of alcohol he consumed and his general demeanor throughout the evening. Testimony indicated appellant's husband had consumed more than 2 dozen drinks (shots of whiskey and beers); several of the last of the drinks were consumed at appellants' Fenton Hotel. Various witnesses testified as to his demeanor at the bar, of alternative moods of depression and exhilaration and flamboyance. There was also testimony that while the appellant's husband had suffered some mental or emotional difficulties and the marriage relationship had been "stormy", the appellant's husband had never violently attacked his wife while sober. The conclusion that the intoxication of the appellant's husband was a proximate cause of her injury was supported by the evidence.

Upon a review of the entire record, we are not convinced that a mistake has been committed by the trial court. The findings of the trial court are supported by the record.

Judgment is affirmed. Costs to appellee.

T. G. KAVANAGH, P. J., and QUINN, J., concurred.