PEOPLE *v.* FAISON

1. CRIMINAL LAW—RIGHT TO COUNSEL—EXERCISE OF RIGHT.

    Defendant charged with crime cannot complain that he was not informed of his constitutional right to be represented by counsel when he actually was represented by counsel at preliminary examination, arraignment, and all circuit court proceedings (US Const, Ams 6 and 14).

2. SAME—IRRELEVANT TESTIMONY—OBJECTION.

    Admission of testimony pertaining to good faith efforts on the part of the prosecution to serve a subpoena on a witness was not prejudicial error, since it did not pertain to substantive proof.

3. SAME—IRRELEVANT TESTIMONY—REVERSIBLE ERROR.

    Admission of testimony of witness given at preliminary examination, who was not available at trial, was not prejudicial error where defendant's counsel stipulated that it could be read to the jury.

Appeal from Recorder's Court of Detroit, Scallen (John P.), J. Submitted Division 1 May 13, 1968, at Detroit. (Docket No. 3,386.) Decided November 25, 1968. Leave to appeal denied April 24, 1969. 381 Mich 817.

Stanley Faison was convicted of manslaughter. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
[2, 3] 5 Am Jur 2d, Appeal and Error § 778.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Joseph A. Powers,* for defendant on appeal.

PER CURIAM. Defendant was found guilty by a jury of manslaughter[1] and sentenced to a prison term of 7–1/2 to 15 years. He has appealed.

At trial the prosecution produced evidence to prove that on January 15, 1965, defendant had stabbed the deceased, Jimmy Lee Cowley, in the neck during an argument over the latter's request to borrow money from defendant for a game of dice in which they and others were engaged. No witness was able to testify that he actually saw the defendant strike the deceased with a knife. There was, however, testimony of a fight between the deceased and defendant, the observation of an open knife in defendant's hand, the finding of the body of deceased and tracing of a trail of blood from the body to the premises where the deceased was allegedly knifed, and other competent circumstantial evidence.

On appeal the defendant raises the following issues:

(1) Was defendant advised of the constitutional right to counsel at his arraignment on the warrant?[2]

(2) Did the trial court err in admitting testimony which defendant claims to have been incompetent, immaterial, and irrelevant?

(3) Was the evidence sufficient to justify the verdict of guilty beyond a reasonable doubt?

---

[1] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).

[2] US Const, Ams 6, 14.

(4) Were the instructions of the trial court to the jury adequate?

(5) Did the trial judge leave the courtroom during the trial?

(6) Was the examining magistrate justified by the evidence in holding the defendant for trial?

The answers to the issues are as follows:

(1) The record discloses that the defendant was represented by counsel at the time of arraignment, preliminary examination, as well as at all circuit court proceedings. When a man exercises a right he cannot be heard to complain that he was not informed that he had such right.

(2) The objections of defendant pertained to two particular admissions of testimony. First, testimony pertaining to good faith efforts on the part of the prosecution to serve a subpoena upon a witness; and second, the reading of the testimony of a witness given at the preliminary examination who was unavailable at trial. As to the first objection, this testimony did not pertain to substantive proof and therefore although improper was not prejudicial to defendant; as to the second objection, defense counsel stipulated at the trial that the now objected to portions of the preliminary examination transcript could be read to the jury.

(3) A reference to the facts as stated herein conclusively shows sufficient evidence, if believed, to prove guilt beyond a reasonable doubt.

(4) Without repeating in total the instructions given, we can say after a careful reading of the instructions that they were adequate, thorough, and proper. Further, defendant did not proffer any proposed instructions nor did he object to those given at trial as required by GCR 1963, 516.2.

(5) A careful reading of the record fails to disclose that the trial judge left the courtroom or was absent therefrom during the course of the trial.

(6) Substantially the facts herein recited were testified to at the preliminary examination. Probable cause was properly shown.

Affirmed.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.