MILEFF v WINKLEMAN BROTHERS APPAREL, INC.

1. Evidence—Hearsay—Admissibility.

Admission into evidence of records alleged to contain hearsay was not error where the records were received by stipulation with counsel's invitation to the witness to "read what you want from them to the judge".

2. Trial—Judges—Findings of Fact—Adequacy of Findings—Court Rules.

A trial court's opinion satisfies the requirement that a court make adequate findings of fact where that opinion leaves no doubt that the trial judge accurately identified the issue, discloses the choice made between the competing factual premises, and assigns adequate reasons for that choice (GCR 1963, 517.1).

3. Appeal and Error—Judge's Findings of Fact—Clear Error.

A definite and firm conviction that a mistake has been committed is necessary for the reversal of a trial court's findings as clearly erroneous.

4. Trial—Judges—Findings of Fact—Obligation of Court—Psychiatric Testimony—Self-serving Statements—Credibility.

A trial court in making a finding of fact is not obliged to accept the opinions of psychiatrists who testified on behalf of a plaintiff, particularly where those opinions are based on a self-serving history from the plaintiff-patient whose credibility is suspect and whose recital of past events omits facts significant to diagnosis.

Appeal from Wayne, Edward F. Bell, J. Submitted Division 1 November 7, 1974, at Detroit. (Docket No. 13733.) Decided December 5, 1974.

Complaint by Willa June Mileff against Winkle-

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence §§ 600, 605, 610.
[2, 4] 76 Am Jur 2d, Trial §§ 1250–1270.
[3] 5 Am Jur 2d, Appeal and Error § 826.

man Bros. Apparel, Inc., and Seymour I. Caplan for damages for abuse of process. Judgment for plaintiff. Plaintiff appeals, claiming the award of damages to be inadequate. Affirmed.

*Sol E. Goldberg,* for plaintiff.

*Alexander, Buchanan & Seavitt* (by *Donald E. Miller*), for defendant Winkleman Bros. Apparel, Inc.

*Kitch, Suhrheinrich & Getto, P. C.,* for defendant Seymour I. Caplan.

Before: J. H. GILLIS, P. J., and ALLEN and PETERSON,* JJ.

PETERSON, J. Plaintiff sued for abuse of process, and appeals an award of damages claimed to be inadequate.

Defendant Caplan, an attorney, brought an action against plaintiff and her then husband on an account owed to defendant Winkleman. Judgment was taken against the husband only, but on October 25, 1960, Caplan caused a writ of garnishment to be issued against plaintiff's employer founded on an affidavit that judgment had been obtained against her. The process was repeated on February 14, 1961.

Plaintiff claimed that as a result of the first garnishment, she was suspended from her job and compelled to make a payment to Caplan in order to release the garnishment and return to her job; that as a result of the second garnishment, she was discharged from her employment; and that while she had previously enjoyed good health, she began to suffer various physical complaints, which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

were manifestations of mental illness requiring hospitalization and continuing care. In support of her claims as to damages, plaintiff offered the testimony of a number of psychiatrists who have treated or examined her subsequent to the last garnishment and who related her mental illness to having been "fired" from her job.

The trial court, sitting without jury, found the issuance of the writs of garnishment to be wrongful and malicious, fixed plaintiff's damages at $700, and trebled the award because of the finding of malice. From the trial court's denial of a new trial, plaintiff appeals, asserting:

(1) That there was a prejudgment and prejudice on the part of the trial judge depriving plaintiff of a fair trial;

(2) That the damage award was so inadequate as to indicate the influence of prejudice or passion;

(3) That the damage award was so inadequate as to be shocking to the conscience;

(4) That the court's verdict as to damages was against the great weight of the evidence;

(5) That the trial court failed to make adequate findings of fact under 1963 GCR 517.1; and

(6) That the trial court erred in admitting records containing hearsay.

The record discloses no merit to the first claim and that, as to the last, the records complained of were received by stipulation with counsel's invitation to the witness to "Read what you want from them to the judge". See *People v Faison,* 14 Mich App 226; 165 NW2d 495 (1968).

GCR 1963, 517.1 provides:

"In all actions tried upon the facts without a jury . . . , the court shall find the facts specially and state separately its conclusions of law thereon and direct the

entry of the appropriate judgment. It will be sufficient if the court makes brief, definite and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. * * * Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle, regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

The trial judge heard the liability and damage aspects of the trial separately, rendering separate opinions as to each. Plaintiff's complaint is that the opinion on damages did not specifically find what damages plaintiff did incur, nor relate the money award to specific injurious consequences of the garnishment. Plaintiff points particularly to the statement in the opinion that "the trier of fact is not satisfied that the plaintiff has related all of her complaints since October of 1960 and February of 1961 to the garnishments", as indicative of some unstated finding by the court that *some* of plaintiff's complaints were caused by the garnishments. Moreover, plaintiff claims, the evidence clearly establishes that her mental illness was causally related to the wrongful garnishments so that the nominal damages awarded were grossly inadequate.

A reading of the opinion as a whole indicates satisfactorily the conclusions of the trial judge and his reasons therefor. The opinion, after reviewing the liability finding of the prior opinion, turned to the crucial issue of the case, plaintiff's claims of causally-connected mental illness and the physical complaints alleged to have been manifestations thereof. It was only after a long review of those claims, noting inconsistencies and weaknesses in the proofs as well as reservations about plaintiff's credibility, that the court observed that it was

"not satisfied that the plaintiff has related all of her complaints" to the garnishments. The opinion then found that she had suffered humiliation and embarrassment as a result of the garnishments and made the damage award.

In *Johnson v Wynn,* 38 Mich App 302, 305; 196 NW2d 313, 315 (1972), the Court quoted with approval the author's comment on GCR 1963, 517.1, from 2 Honigman & Hawkins, Michigan Court Rules Annotated, (2d ed), p 594:

"The findings of fact must include as much of the subsidiary facts as is necessary to disclose the steps by which the trial court reached its ultimate conclusion on each factual issue. The findings should be made at a level of specificity *which will disclose to the reviewing court the choices made as between competing factual premises at the critical point that controls the ultimate conclusion of fact.* That is, at the point where a given choice as to the concrete facts leads inevitably to the ultimate conclusion, the findings should disclose the choice which was made, so that the appellate court may test the validity of its evidentiary support." (Emphasis added.)

The trial court's opinion leaves us with no doubt that the trial judge accurately identified the issue and his finding not only discloses the choice made between the competing factual premises, but assigns adequate reasons for that choice. The findings comply with Rule 517.1, and do so in terms making it clear that the damage award was not inadequate if plaintiff's mental illness was not causally related to the wrongful garnishments.

A review of the record shows more than adequate basis for the conclusions of the trial judge rather than leaving us with the "definite and firm conviction that a mistake has been committed", which is necessary for the reversal of a trial

judge's findings as "clearly erroneous". *Hughson v O'Reilly,* 7 Mich App 324, 326; 151 NW2d 888, 889 (1967). The credibility of plaintiff was so impeached as to warrant the conclusions of the trial judge about her testimony. Nor was the trial court obliged to accept the opinions of the psychiatrists who testified on plaintiff's behalf. *Vial v Vial,* 369 Mich 534; 120 NW2d 249 (1963). That conclusion is particularly appropriate where, as here, those opinions are based on a self-serving history from the plaintiff-patient whose credibility is suspect, and whose recital of past events omits facts significant to diagnosis. *People v Wingeart,* 371 Mich 264; 123 NW2d 731 (1963).

Affirmed.

All concurred.