PEOPLE v FULTZ

Docket No. 54648. Submitted September 15, 1981, at Lansing.—Decided December 1, 1981.

Karl F. Fultz pled guilty but mentally ill to the charge of joyriding in the Oakland Circuit Court and his plea was accepted by the court, Robert L. Templin, J. During the pendency of the case, defendant was sent to the Center for Forensic Psychiatry for an examination on the issue of criminal responsibility. A certified forensic examiner concluded that the defendant was mentally ill and that, because of his mental illness, he was unable to conform his conduct to the requirements of law. The only psychiatric evidence contained in the record is the report from the Center for Forensic Psychiatry. During the course of the plea proceeding, Fultz stated that he got into a vehicle, started it up, and backed it out of its parking place. He apparently was seen by the owner, pulled back into the parking space and got out of the vehicle. Fultz stated that he really did not know what he was doing when he got into the car, however, he knew it was wrong. He stated that something he couldn't explain came over him and that he couldn't help what he was doing. Defendant appealed. *Held:*

Conviction vacated and remanded for further proceedings.

M. F. CAVANAGH, P.J., believed that the court's failure to find that the defendant was not legally insane and the fact that the factual basis was inadequate to support the plea in that there was no evidence of *mens rea* required reversal.

BEASLEY, J., believed that there was no evidence from which the court could conclude that the defendant was not legally insane.

CYNAR, J., concurred in the result only.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 65 *et seq.*
Mental or emotional condition as diminishing responsiblity for crime. 22 ALR3d 1228.
[2] 21 Am Jur 2d, Criminal Law §§ 41, 64.
[3] 21 Am Jur 2d, Criminal Law § 489.

OPINION OF M. F. CAVANAGH, P.J.

1. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — PLEA-TAKING PROCEDURE.

*A trial court must make a finding that a defendant is not legally insane in order to accept a plea of guilty but mentally ill.*

2. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — MENS REA.

*The factual basis for a plea of guilty but mentally ill must include the element of mens rea in order to be sufficient to support the plea.*

OPINION OF BEASLEY, J.

3. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — PLEA-TAKING PROCEDURE.

*A plea of guilty but mentally ill must be set aside when, on the record, there is not sufficient information from which the trial court could conclude that the defendant was not legally insane at the time of the commission of the charged offense.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol,* Assistant Prosecuting Attorney, for the people.

*Vincent D. Giovanni,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BEASLEY and CYNAR, JJ.

M. F. CAVANAGH, P.J. Karl Fultz was charged with the crime of joyriding, MCL 750.414; MSA 28.646. During the pendency of the case, defendant was sent to the Center for Forensic Psychiatry for an examination on the issue of criminal responsibility. The certified forensic examiner concluded that the defendant was mentally ill and that, because of his mental illness, he was unable to conform his conduct to the requirements of law. The people do not dispute defendant's claim that this finding constituted a finding that the defendant was legally insane at the time of the commis-

sion of the offense. Thereafter, defendant appeared in court and tendered a plea of guilty but mentally ill to the offense of joyriding. The only psychiatric evidence contained in the record is the aforementioned report from the Center for Forensic Psychiatry.

During the course of the plea proceeding, Fultz stated that he got into a vehicle, started it up, and backed it out of its parking place. He apparently was seen by the owner, pulled back into the parking space and got out of the vehicle. Fultz stated that he really did not know what he was doing when he got into the car, however, he knew it was wrong. He stated that something he couldn't explain came over him. He stated that he couldn't help what he was doing. The trial court accepted defendant's plea of guilty but mentally ill and sentence was imposed.

Following the plea and sentence, new counsel appeared on behalf of defendant and filed a motion for a new trial attacking the plea as void and contrary to the provisions of MCL 768.36; MSA 28.1059. Counsel argued that the plea violated the legislative intent of the statute for pleas of guilty but mentally ill and that no factual basis existed to support the plea. These two issues are argued now on appeal with the additional assertion that defendant was denied the effective assistance of counsel.

We are persuaded upon our review of the record that there is merit in each of the three issues raised on appeal. In *People v Long,* 86 Mich App 676, 683; 273 NW2d 519 (1978), *lv den* 406 Mich 883 (1979), *lv gtd* 406 Mich 993 (1979), we stated:

"The statute providing for the plea does not state what the judge must find with regard to the alleged criminal conduct. See MCL 768.36(2); MSA 28.1059(2).

However, the statute does specify what the trier of fact must find if, after trial, a defendant is to be found guilty but mentally ill:

" '(1) If the defendant asserts a defense of insanity * * * the defendant may be found "guilty but mentally ill" if, after trial, the trier of fact finds all of the following beyond a reasonable doubt:

" '(a) That the defendant is guilty of an offense.

" '(b) That the defendant was mentally ill at the time of the commission of that offense.

" '(c) That the defendant was not legally insane at the time of the commission of that offense.' MCL 768.36(1); MSA 28.1059(1).

"Assuming that a plea's elements are the same as those of a jury verdict or bench trial finding, it is obvious that, with regard to the required findings, a plea of guilty but mentally ill is distinguished from a plea of guilty only by the additional element of mental illness."

The people argue on appeal that it is not necessary for the trial court in accepting a plea of guilty but mentally ill to make a finding that a defendant was not legally insane at the time the crime was committed. They urge that since the forensic center report indicated that the defendant was suffering from mental illness, the statutory requirements for the plea have been met. We disagree. The very definition of legal insanity contained in MCL 768.21a; MSA 28.1044(1), refers to the term "mental illness". Insanity by definition is an extreme of mental illness. When a person's mental illness reaches that extreme, the law provides that criminal responsibility does not attach. To put it alternatively, the statutes provide that all insane people are mentally ill but not all mentally ill people are insane. So, just as a finding of no insanity is essential for an adjudication of guilt by trial, we hold such a finding to be equally essential for a plea of guilty. Such a finding was

not made in the instant case and the plea for that reason is invalid.

We are also persuaded under the circumstances of this case that the factual basis presented was inadequate to support a plea of guilty but mentally ill. The only record evidence of defendant's mental state was the report by the forensic expert indicating that the defendant was legally insane. Furthermore, defendant's account of what transpired was clearly in accord with the psychiatric evaluation in that defendant admitted committing the act but stated that he could not help what he was doing. The colloquy found on page 7 of the plea transcript clearly shows the trial court was aware of this:

"*The Court:* Well, what was this thing that came over you?

"*Mr. Fultz:* I don't know what it was. It's like, I don't know exactly what it was, I can't really explain it, you know, it's something that inside of me, a feeling or something.

"*The Court: You couldn't help what you were doing; is that right?*

"*Mr. Fultz: Right.*" (Emphasis added.)

Defendant, in effect, admitted doing the particular act but also stated that he was insane. Under these circumstances, we do not find the factual basis adequate. An analogy might be drawn to an individual who pleads guilty to the crime of murder by stating that he held in his hand a gun which fired and killed an individual but that the gun went off accidentally. In such a situation, as here, there is no *mens rea.* For this reason also, therefore, we find the plea to be invalid.

Lastly, as we find the plea to be invalid for the aforestated reasons, it is unnecessary to address

the claim of ineffective assistance of counsel. We do note, however, that if reversal were not warranted on the previous grounds, this third issue would probably warrant at the least a remand for an evidentiary hearing to determine the basis on which defense counsel advised this defendant to enter a plea of guilty but mentally ill over uncontroverted evidence of legal insanity.

Defendant's plea of guilty but mentally ill is hereby vacated and this cause is remanded for further proceedings.

CYNAR, J., concurs in result only.

BEASLEY, J. (concurring). I concur in setting aside the guilty plea and remanding the case to the trial court.

I have reviewed the report dated August 28, 1980, by the certified forensic examiner, Dixie Moore, Ph. D., directed to the prosecutor and defense counsel. Perhaps the intention of the examiner was to indicate that defendant was legally insane at the time of the offense, but it is unfortunate that she never said so in so many words.

In this case, it would seem to have been better to call the examiner as a witness than to base conclusions on her report. Particularly, this is true in light of the ephemeral differences between mental illness and legal insanity, as defined in the statute.[1]

However, the statute[2] spells out with certainty what the trial judge must find if he is to accept a plea of guilty but mentally ill, and that is the problem with this plea. In an effort to comply with the statute, the trial judge stated:

---

[1] MCL 768.21a; MSA 28.1044(1) and MCL 330.1400a; MSA 14.800(400a).

[2] MCL 768.36; MSA 28.1059.

"Yes, the court has reviewed the report by Dixie Moore, the examining psychiatrist in which she does indicate that the defendant at the time had a mental illness and the court so finds that based on that report."

This was within the context of both defense counsel and the assistant prosecutor representing to the court that there was compliance with GCR 1963, 785.7.

Thus, the narrow question is did the trial judge, and could the trial judge, in view of the examiner's report, find on this record that defendant was *not* legally insane at the time of the offense. I think not and, for that reason, believe the guilty plea must be set aside.

On appeal, a claim is also made that defendant did not receive effective assistance of counsel, apparently on the theory that defendant should have gone to trial on the defense of not guilty by reason of insanity based on the examiner's opinion. If defendant had been found not guilty by reason of insanity, then defendant would have been committed to the Center for Forensic Psychiatry in compliance with the statute,[3] which commitment may not extend longer than five years.

On the other hand, defendant might have been found guilty as charged and sentenced to prison. A finding of not guilty by reason of insanity is not automatic merely because a "certified forensic examiner" says defendant is legally insane at the time of the offense. On trial, that becomes a fact issue for the trier of fact who is not bound by the opinion of the expert.[4]

In this case, at trial the prosecutor would have had the option whether to call a psychiatrist to

---

[3] MCL 330.2050; MSA 14.800(1050).

[4] *Vial v Vial,* 369 Mich 534; 120 NW2d 249 (1963).

rebut the examiner; at least the examiner would have been available for cross-examination. In addition, as previously indicated, I do not find the examiner's report clear and unequivocal. Also, the examiner's report reveals that defendant has a drug history.

In the light of these facts and circumstances, I find nothing in this record to suggest that trial counsel did not properly advise, represent and give effect to defendant's best interest. I would reject the claim of ineffective assistance of counsel as frivolous.