PEOPLE v MARLIN SMITH

Docket No. 57631. Submitted May 18, 1982, at Detroit.—Decided August 26, 1982.

Marlin T. Smith was convicted in a bench trial of armed robbery, assault with intent to commit murder and felony-firearm, Wayne Circuit Court, Myron H. Wahls, J., sitting as the trier of fact. Defendant appealed. *Held:*

1. Defendant alleged both insufficiency and incredibility of the evidence pertaining to his specific intent to commit murder. The standard for review of challenges to the sufficiency of evidence is that the appellate court must view the evidence in the light most favorable to the prosecutor and then determine whether there was sufficient evidence of each element of the offense so that a rational trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. The evidence was sufficient. A defendant may not raise on appeal the issue that his conviction was against the great weight of the evidence where he has not filed a motion for a new trial with the trial court. That issue was not preserved for appeal.

2. It is not clear whether the trial court employed the proper legal standard in determining whether defendant was mentally ill at the time of the crime. The proper remedy is to remand for further findings of fact.

Remanded. The Court of Appeals retained jurisdiction.

1. Assault and Battery — Assault With Intent to Commit Murder — Specific Intent.

Assault with intent to murder is a specific-intent crime; the two elements are (1) that the defendant assaulted the victim, and (2) that at the time of the assault the defendant intended to murder the victim (MCL 750.83; MSA 28.278).

References for Points in Headnotes

[1] 40 Am Jur 2d, Homicide §§ 569-572.
[2] 5 Am Jur 2d, Appeal and Error § 885.
[3] 5 Am Jur 2d, Appeal and Error §§ 555, 556, 607.
[4] 21 Am Jur 2d, Criminal Law § 81.

2. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE.

The standard for review of challenges to the sufficiency of evidence is that the appellate court must view the evidence in the light most favorable to the prosecutor and then determine whether there was sufficient evidence of each element of the offense so that a rational trier of fact could conclude that the defendant was guilty beyond a reasonable doubt.

3. APPEAL — CRIMINAL LAW — WEIGHT OF EVIDENCE — PRESERVING QUESTION.

A defendant may not raise on appeal the issue that his conviction was against the great weight of the evidence where he has not filed a motion for a new trial with the trial court.

4. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — APPEAL — REMEDIES — COURT RULES.

The trier of fact must find all of the following beyond a reasonable doubt to reach a verdict of guilty but mentally ill: (1) that the defendant is guilty of an offense; (2) that the defendant was mentally ill at the time of the commission of that offense; and (3) that the defendant was not legally insane at the time of the commission of that offense; the remedy on appeal where the trial court sat as the trier of fact and it is unclear whether the proper legal standard to determine mental illness was used is to remand for further findings of fact (GCR 1963, 810).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

PER CURIAM. Following a bench trial, the defendant was convicted of armed robbery, in violation

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of MCL 750.529; MSA 28.797, assault with intent to murder, in violation of MCL 750.83; MSA 28.278, and possession of a firearm in the commission of a felony, in violation of MCL 750.227b; MSA 28.424(2). Defendant appeals by right.

Defendant's convictions stem from a restaurant robbery and hostage-taking incident. Inside the restaurant, the defendant pulled a gun from his pocket, seized the manager, and demanded all of the money in the restaurant. Throughout this episode, several res gestae witnesses later testified that the defendant repeatedly said, "I will go to jail for murder, but not robbery". After the robbery was over, the defendant seized one of the restaurant's employees as a hostage and began to drag him toward the door while simultaneously placing the gun at his head. The defendant was then heard to say, "I'm not going to hurt you", but on their way out the door, the gun discharged, injuring the hostage.

On appeal, the defendant argues that the evidence presented by the prosecution does not establish that the defendant intended to shoot, much less murder, his hostage. Therefore, the defendant alleges that his conviction for assault with intent to commit murder was erroneous.

Assault with intent to murder is a specific intent crime. *People v Triplett,* 105 Mich App 182, 187; 306 NW2d 442 (1981); *People v Fields,* 64 Mich App 166, 173; 235 NW2d 95 (1975). The two elements of the offense which must be proven at trial consist of: (1) an assault; and (2) an intent by the defendant to murder the complainant at the time of the assault. *People v Tait,* 99 Mich App 19, 22; 297 NW2d 853 (1980). Defendant concedes that the evidence establishes the element of assault, therefore the only dispute is whether the prosecutor

proved that the defendant intended to murder his hostage.

The appeal on this issue challenges both the sufficiency and the weight (credibility) of the evidence pertaining to the defendant's intent to commit the murder. Sufficiency is determined by whether each element of the offense has been established and supported by the evidence. Credibility is based upon whether the trier of fact believes the evidence before it.

In *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), the Michigan Supreme Court formulated the standard of review for challenges to the sufficiency of the evidence. An appellate court must view the evidence in the light most favorable to the prosecutor and then determine whether there was sufficient evidence of each element of the offense so that a rational trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Id.,* 368. In this case, we find that the prosecution introduced competent evidence which indicated that the defendant intended to murder his hostage. Testimony from res gestae witnesses indicated that the defendant repeatedly stated that he preferred to be punished for murder instead of robbery. The defendant seized a hostage even though his escape route was unimpeded and pointed a gun at the hostage's head. Lastly, there was testimony that the defendant shot his hostage in order to prevent him from escaping. If credible, this evidence was sufficient to establish the requisite intent to commit murder.

Defendant contends that the prosecutor's evidence of intent was insufficient because it was refuted by competent defense evidence. Defendant misunderstands the difference between the credibility and the sufficiency of evidence, which are

two separate issues. We have already stated that there was sufficient evidence to establish the defendant's intent to commit murder. The question of whether the verdict is against the great weight of evidence is not properly before this Court because the defendant did not preserve this issue for appeal by filing a motion for a new trial. *People v Cage,* 83 Mich App 534, 538; 269 NW2d 213 (1978); *People v Flippo,* 70 Mich App 652, 660-661; 247 NW2d 321 (1976).

Defendant also argues that the trial court erred in considering his defense of diminished capacity. Defendant maintains that the presence or absence of mental illness is separate from the presence or absence of legal insanity but that the trial court considered both as the same issue.

The Legislature codified Michigan law on insanity in MCL 768.21a; MSA 28.1044(1), which states in pertinent part:

"(1) A person is legally insane if, as a result of mental illness as defined in * * * section 330.1400a of the Michigan Compiled Laws, * * * that person lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law."

"Mental illness" is defined as a "substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life". MCL 330.1400a; MSA 14.800(400a).

As this Court stated in *People v Fultz,* 111 Mich App 587; 314 NW2d 702 (1981), insanity and mental illness are separate defenses with different consequences. This Court observed:

"The very definition of legal insanity contained in

MCL 768.21a; MSA 28.1044(1), refers to the term 'mental illness'. Insanity by definition is an extreme of mental illness. When a person's mental illness reaches that extreme, the law provides that criminal responsibility does not attach. To put it alternatively, the statutes provide that all insane people are mentally ill but not all mentally ill people are insane." *Id.,* 590.

Thus, if a defendant is found to be mentally ill, he may be found not guilty, guilty but mentally ill, or, if he lacks substantial capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law, not guilty by reason of insanity. *People v Girard,* 96 Mich App 594, 597; 293 NW2d 639 (1980).

We find that the trial judge failed to adequately consider the verdict of guilty but mentally ill, as provided by MCL 768.36(1); MSA 28.1059(1). The trial judge used the terms "insanity" and "mental illness" interchangeably and defined mental illness with the legal definition of insanity.

There is a three prong test for determining whether a defendant who has asserted the defense of insanity may be found "guilty but mentally ill". To reach a verdict of "guilty but mentally ill", the trier of fact must find all of the following beyond a reasonable doubt:

"(a) That the defendant is guilty of an offense.

"(b) That the defendant was mentally ill at the time of the commission of that offense.

"(c) That the defendant was not legally insane at the time of the commission of that offense." MCL 768.36(1); MSA 28.1059(1).

It is clear that the trial judge found that the defendant was guilty of the offense charged and that he was not insane at the time of the commission of the offense. Thus, the first and third prongs

of the test enunciated in MCL 768.36(1); MSA 28.1059(1) were applied. It is unclear whether the trial judge used the proper legal standard in determining mental illness under the second prong of this test. Therefore, we remand this case for further findings of fact, pursuant to GCR 1963, 810, said findings to be filed with this Court within 60 days from the date of the release of this opinion. We retain jurisdiction.

Remanded.