## THOMAS v THOMAS

Docket No. 67585. Submitted December 8, 1983, at Lansing.—Decided
      February 6, 1984. Leave to appeal applied for.

   Plaintiff, Claude R. Thomas, was granted a divorce from defen-
      dant, Park A. Thomas, in the Ingham Circuit Court, Paul R.
      Mahinske, J. The court held that plaintiff's law school educa-
      tion and license to practice were not marital assets, failed to
      award alimony to defendant, and made an award of attorney
      fees to defendant. Defendant appealed, alleging that the court
      erred in its holding and abused its discretion in refusing to
      award alimony and in determining the attorney fee award.
      *Held:*
         1. A postgraduate degree obtained by one spouse during the
      marriage as an end product of a concerted family effort to
      which both spouses contributed is a marital asset subject to
      division upon divorce. The court erred in its holding.
         2. It is an abuse of discretion for a trial court to fail to award
      alimony to a wife where the parties had been married ten
      years, both parties contributed to the joint estate, the husband
      is in excellent health while the wife is not, and the husband
      has a high income potential while the wife is restricted to a low
      potential by a minimal education and limited skills.
         3. The award of attorney fees was proper. Defendant is
      entitled to attorney fees on appeal.
         Judgment of divorce affirmed. Property division and alimony
      awards set aside and remanded for further proceedings.

1. DIVORCE — MARITAL PROPERTY — POSTGRADUATE DEGREES.
      A postgraduate degree obtained by one spouse during the mar-
         riage as an end product of a concerted family effort to which
         both spouses contributed is a marital asset subject to division
         upon divorce.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 898, 943.
   Spouse's professional degree or license as marital property for
      purposes of alimony, support, or property settlement. 4 ALR4th
      1294.
[2] 24 Am Jur 2d, Divorce and Separation §§ 577, 657.

2. DIVORCE — ALIMONY.

> It is an abuse of discretion for a trial court to fail to award alimony to a wife where the parties had been married ten years, both parties contributed to the joint estate, the husband is in excellent health while the wife is not, and the husband has a high income potential while the wife is restricted to a low potential by a minimal education and limited skills.

*Norman M. Gaffney, Jr., P.C.* (by *Norman M. Gaffney, Jr.*), for plaintiff.

*Abood, Abood & Rheaume, P.C.* (by *Diane L. Bernick*), for defendant.

Before: M. J. KELLY, P.J., and CYNAR and J. C. KINGSLEY,* JJ.

M. J. KELLY, P.J. Defendant appeals as of right from a judgment of divorce entered on October 12, 1982, in the Ingham County Circuit Court. The main issue on appeal is whether plaintiff's law degree constitutes a marital asset.

After a review of the record and briefs and the hearing of oral argument, we are of the opinion that the trial court erred in its holding that the plaintiff's law school education and license to practice law were not marital assets. The court observed: "I will tell you what the value of a law school education is. It is zero." We reverse in accordance with this Court's opinion in *Woodworth v Woodworth*, 126 Mich App 258; 337 NW2d 332 (1983), *lv pending* — Mich — (1983), and find that the trial court improperly refused to consider the plaintiff's law degree and license to practice law as marital assets. The trial judge has since retired and we therefore remand this case to his successor or such other circuit judge (as is assigned

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by rule or order) for evaluation of plaintiff's law degree as a marital asset.

The defendant also claims that the trial court's failure to award alimony constitutes an abuse of discretion. The parties were married for ten years and both parties contributed to the joint estate. Plaintiff is in excellent health while defendant suffers from back problems and severe skin allergies which are irritated by her employment. Plaintiff has a high income potential because of his license to practice law and his current position as a district court judge. Defendant is restricted by minimal education and limited skills to a low income potential. We are of the opinion that, under these circumstances, the trial court's failure to award defendant alimony constituted an abuse of discretion. *Ozdagler v Ozdagler,* 126 Mich App 468, 471; 337 NW2d 361 (1983). On remand the successor trial judge is instructed to reassess the alimony question.

Finally, defendant alleges that the trial court abused its discretion in ordering plaintiff to pay defendant only $1,510 for attorney fees. Under the circumstances, we believe the award of attorney fees proper. See *Tigner v Tigner,* 90 Mich App 787, 791; 282 NW2d 481 (1979). However, we believe that defendant should be awarded attorney fees on appeal in accordance with *Zimmers v Zimmers,* 346 Mich 28, 37; 77 NW2d 267 (1956), and *Chisnell v Chisnell,* 99 Mich App 311, 316; 297 NW2d 909 (1980). We leave the assessment of the amount of the appellate attorney fees to the sound discretion of the circuit court on remand.

The judgment of divorce is affirmed; the property division and alimony awards are set aside and the matter is remanded for further proceedings in accordance with this opinion.