CARLSON v CARLSON

Docket No. 71803. Submitted April 10, 1984, at Lansing.—Decided December 3, 1984.

Gilbert W. Carlson brought an action against Nancy E. Carlson for divorce in the Jackson Circuit Court. The court, Gordon W. Britten, J., in making a division of property and amount of alimony in its judgment for plaintiff, failed to consider the source of the property, length of the marriage, the needs of the parties, the parties' earning abilities and the cause of the divorce. Defendant appealed. *Held:*

Divorce cases are reviewed by the Court of Appeals *de novo.* However, the Court of Appeals will not substitute its judgment for that of the trial court absent an abuse of discretion. Consideration of the relevant factors revealed an abuse of discretion in the division of property and award of alimony. In addition, the Court of Appeals held that defendant should have been awarded attorney fees.

Reversed and remanded with instructions.

1. DIVORCE — APPEAL — STANDARD OF REVIEW.

Divorce cases are reviewed by the Court of Appeals *de novo;* however, the Court of Appeals will not substitute its judgment for that of the trial court absent an abuse of discretion.

2. DIVORCE — DIVISION OF PROPERTY.

The division of property in a divorce action is not governed by any rigid rules or mathematical formulas; the end sought is a fair and equitable distribution under all the circumstances.

3. DIVORCE — APPEAL — DIVISION OF PROPERTY.

Factors to be considered by the Court of Appeals in reviewing the division of property in a divorce action include the source of the property, the length of the marriage, the needs of the parties, the parties' earning abilities, and the cause of the divorce.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 772, 868.
[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 870, 930, 932.
[3] 24 Am Jur 2d, Divorce and Separation § 878 *et seq.*

*James S. Treciak,* for plaintiff.

*Rappleye, Wilkins & Arcaro* (by *Willard F. Rappleye),* for defendant.

Before: BRONSON, P.J., and MACKENZIE and J. L. BANKS,* JJ.

MACKENZIE, J. This appeal as of right by defendant wife is from a judgment of divorce granted May 26, 1983, following 11 years of marriage.

The trial court attributed no "affirmative misconduct" to either party as a cause for the breakup of the marriage. Both parties are 32 years old and in good health.

Defendant wife worked following the marriage while plaintiff husband completed one year of undergraduate school and three years of law school. Defendant, a high school graduate, at the time of the divorce was working as a cashier averaging 28 hours a week at $7.05 per hour.

Plaintiff has been employed by the Jackson County prosecuting attorney's office since 1975 as an assistant prosecuting attorney and his earnings in 1982 were $31,387, while defendant's earnings in 1982 were $10,264. Defendant's highest annual earnings were slightly over $14,000 in 1975. Defendant, at the time of the marriage, worked as a part-time cashier in Muskegon. Her post-divorce plan stated at trial was to return to her parent's home in Muskegon and attend Muskegon Community College to acquire improved job skills.

The parties' assets were divided as follows:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

| Plaintiff-Husband | | Defendant-Wife | |
|---|---|---|---|
| Equity in sailboat and trailer | $1,539 | Horse | $750 |
| Equity in marital home | 4,400 | Personal Property | 2,413 |
| Personal property | 1,185 | | |
| County pension | 7,500 | | |
| Prudential life insurance policy | 1,180 | | |
| Northwestern life insurance policy | 832 | | |
| | $16,636 | Net assets | $3,163 |
| Marital debts assumed, not shown above | 2,400 | | |
| Net assets | $14,236 | | |

Each party retained a 1977 automobile; if either automobile was more valuable it was the plaintiff's which had less mileage. Plaintiff evaluated the horse at $1,500 rather than the $750 purchase price but the increase in value was not substantiated in the record. The trial court omitted from its opinion the Prudential life insurance policy awarded to plaintiff amounting to $1,180 according to Appendix C attached to the judgment of divorce. Defendant was also awarded alimony of $100 per week for one year.

The trial court had this to say about the marital home:

"The house is now appraised at $17,400.00 with a $13,000.00 mortgage payable at $205.00 per month for an equity of $4,400.00 less expenses of sale. The 1982 taxes were $451.87. After payment of a sales commission, taxes, and mortgage points, it is questionable if anything can be salvaged from the sale of this property

except on a long-term contract if their mortgage permits such a sale."

The record does not indicate that the house has to be sold since it was awarded solely to the husband and his stated intention was to remain with the Jackson County prosecutor's office. Accordingly, we find the equity in the house is at least $4,400 and note that plaintiff valued it at $4,800 on a list of the assets which were designated to go to defendant.

Defendant on appeal raises two issues; first that the marital estate was not fairly divided and second that the court abused its discretion in awarding defendant only $100 per week for one year in alimony. We find the trial court erred in both respects.

If we subtract the debts plaintiff must pay from the value of assets which were awarded to him, he has received $14,236 worth of assets, using his own values. The defendant's assets amounted to $3,163. Even if the alimony award which the court awarded "to aid defendant in reestablishing herself in her new home town" is treated as an attempt to compensate for a smaller part of the property, the plaintiff received nearly twice as much.

We believe the trial court abused its discretion under these facts in awarding plaintiff the greater percentage of the marital assets.

"Divorce cases are reviewed *de novo.* However, an appellate court will not substitute its judgment for that of the trial court absent an abuse of discretion. The end sought in the division of property is a fair and equitable distribution under all of the circumstances. The division is not governed by any rigid rules or mathematical formulas. The factors to be considered include the source of the property, the length of the marriage, the

needs of the parties, their earning abilities, and the cause of the divorce." *Ripley v Ripley,* 112 Mich App 219, 226-227; 315 NW2d 576 (1982). (Citations omitted.)

The lower court made no findings on the above factors but did find: "The defendant is an attractive young lady and it does not appear that she will long remain in a state of single bliss * * * The plaintiff testified that he has encouraged her to get further education during the last few years of their marriage * * * There is no indication that the defendant made any sacrifices other than that of being the wage earner during the plaintiff's law school. The following two years he supported her in full."

To consider the factors briefly, we find the source of the property is attributed to both parties. Considering the wife's role as the chief wage earner during the years of the husband's education and that her efforts enabled the husband to gain more earning potential, it appears that both helped in acquisition of the marital home.

The marriage lasted for eleven years. The trial judge stated that the wife made no sacrifices other than serving as wage earner, apparently agreeing with plaintiff's contention that the defendant is in the same position she would have been in if she had never married plaintiff. Actually, however, the divorce leaves defendant eleven years older returning to her home town with some household furnishings and a horse, no job, and nothing set aside for retirement. If she had remained single and been able to locate where the best jobs were available to her rather than changing locations three times in order to find work where her husband attended school and ultimately found employment, she could have developed more on-the-job skills, seniority, and even a retirement equity of her own.

In considering the needs of the parties, the defendant would seem to be more needy than the plaintiff since she is at the outset of a job training program and the plaintiff has acquired professional education and licensure. He has over seven years of experience in his chosen profession.

The earning abilities of plaintiff certainly exceed those of defendant, who has never worked at anything other than as a cashier and presently earns $7.05 per hour.

The cause element need not be considered since the court did not make findings of fault, while intimating that defendant's poor housekeeping, devotion to her horse, and addiction to soap operas contributed to the divorce. Both parties testified that defendant wanted children while plaintiff did not, which may have contributed to estrangement. Plaintiff's allegation that defendant should have begun educational pursuits when he graduated from law school overlooks the fact that defendant, according to her testimony, did not realize a divorce was in her future until shortly before the complaint was served.

The *Ripley* factors would favor a larger award of property to defendant rather than to plaintiff. The property award therefore constitutes an abuse of discretion.

A conflict exists in our Court as to whether a law or post-graduate degree is a marital asset. See *Woodworth v Woodworth,* 126 Mich App 258; 337 NW2d 332 (1983), *lv to appeal applied for; Thomas v Thomas,* 131 Mich App 830; 346 NW2d 595 (1984), and *Olah v Olah,* 135 Mich App 404; 354 NW2d 359 (1984).

Under the particular facts here we consider the property division an abuse of discretion regardless of whether the law degree is a marital asset. There

is equitable basis for awarding the defendant the greater share of the assets—yet the plaintiff received more.

It is true that the facts are not as compelling here as in *Olah, supra,* in respect to the defendant's contribution, for example; however, defendant herein should come out of this marriage with the ability to carry out her intention to further her own education so that she may improve her earning capacity.

To achieve an equitable division of the parties' assets, we remand to the trial court for the amendment of the paragraph entitled "Provision in Lieu of Dower and Property Settlement" to include an additional award to defendant of $24,000 payable in installment of $100 per week. The award approximates the amount plaintiff testified she needed to implement her plans to obtain a college degree. This award shall not bear interest unless it becomes in arrears at which time the statutory interest rate of 12 percent on the entire balance then upaid shall be added to the obligation so long as the default continues. The trial court shall provide a means of securing the obligation by life insurance on plaintiff or some comparable method. The paragraph entitled "Alimony" shall be stricken except insofar as it may provide that neither party shall receive alimony payments.

Under the circumstances of this case, we believe an award for attorney fees should have been granted and the trial court is dirceted to make a proper award to defendant for reasonable services at both the trial and appellate levels.

The remaining portions of the judgment of divorce shall remain in full force and effect.

We do not retain jurisdiction.