SULLIVAN v SULLIVAN

*Docket No. 100139. Submitted October 3, 1988, at Detroit. Decided March 6, 1989.*

Plaintiff, Patrick J. Sullivan, and defendant, Gloria H. Sullivan, were divorced by order of the St. Clair Circuit Court, Peter E. Deegan, J. Defendant appealed, claiming error by the trial court in the valuation of certain marital assets, division of property and award of alimony to defendant.

The Court of Appeals *held:*

1. The trial court did not clearly err in its determination of the present value of plaintiff's pension.

2. The trial court did not clearly err in its valuation of a vacant lot awarded to plaintiff. With neither party presenting expert testimony as to the lot's value, the trial court made its determination on the basis of the testimony of the parties. The trial court, having seen and heard the parties, was in the best position to judge the parties' credibility.

3. The trial court did not err in failing to consider plaintiff's undergraduate degree in dividing the marital assets or in awarding alimony. Unlike a postgraduate degree, the value of an undergraduate degree obtained by one spouse as a result of the efforts of both spouses during the marriage is not subject to division upon divorce as a marital asset nor can it be considered as a factor in the award of alimony.

4. With respect to the trial court's award of alimony to defendant for a period of four years, a review of the record indicates serious doubt as to whether defendant, in spite of her best efforts, will be able to fully support herself at the end of the four-year period. Thus, it would be inequitable to eliminate alimony after four years and the award of alimony in the

REFERENCES

Am Jur 2d, Appeal and Error § 237; Divorce and Separation §§ 542-549, 563, 670-684, 898, 918, 943.

Excessiveness or adequacy of amount of money awarded as permanent alimony following divorce. 28 ALR4th 786.

License or professional degree as marital property for purposes of alimony, support, or property settlement. 4 ALR4th 1294.

amount set by the trial court must therefore be made permanent by this Court.

Affirmed in part and reversed in part.

1. DIVORCE — PROPERTY DIVISION — APPEAL — FINDINGS OF FACT.

Findings of fact by a trial court in a divorce case, including its valuation of marital assets, may not be disturbed by the Court of Appeals unless they are clearly erroneous; a finding is clearly erroneous only if, after review of the entire record, the Court of Appeals is left with the definite and firm conviction that a mistake has been made.

2. DIVORCE — PROPERTY DIVISION — UNDERGRADUATE DEGREES.

Unlike a postgraduate degree, the value of an undergraduate degree obtained by one spouse as a result of the efforts of both spouses during the marriage is not subject to division upon divorce as a marital asset nor can it be considered as a factor in the award of alimony.

3. DIVORCE — ALIMONY — APPEAL.

The Court of Appeals reviews an award of alimony de novo, but will not modify such an award unless convinced that, had it been in the position of the trial court, it would have reached a different result.

4. DIVORCE — ALIMONY.

Factors to be considered in determining whether alimony should be awarded in a judgment of divorce include: (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the ability of the parties to work; (4) the source and amount of property awarded to the parties; (5) the age of the parties; (6) the ability of the parties to pay alimony; (7) the present situation of the parties; (8) the needs, health, and prior standard of living of the parties; (9) whether the parties support others; and (10) general principles of equity.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Paul J. O'Reilly* and *Frank Krycia*), for plaintiff.

*Lawrence A. Baumgartner, P.C.* (by *Lawrence A. Baumgartner*), for defendant.

Before: DOCTOROFF, P.J., and SHEPHERD and R. R. LAMB,* JJ.

PER CURIAM. Defendant appeals as of right from a final judgment of divorce. We grant permanent alimony to defendant, reversing the trial court's ruling which limited alimony to four years. In all other respects, the judgment of divorce is affirmed.

The first issue we consider is whether the trial court's valuation of plaintiff's pension plan was erroneous.

The trial court's findings of fact, including its valuation of marital assets, may not be disturbed by this Court unless they are clearly erroneous. *Perrin v Perrin,* 169 Mich App 18, 22; 425 NW2d 494 (1988). A finding is clearly erroneous only if, after review of the entire record, we are left with the definite and firm conviction that a mistake has been made. *Kowalesky v Kowalesky,* 148 Mich App 151, 155; 384 NW2d 112 (1986), lv den 425 Mich 876 (1986).

The parties stipulated to the admission of seven different computations regarding the present value of plaintiff's pension. The trial court accepted the computation which determined the present value to be $9,819.12 based on the amount vested as of the filing of the divorce complaint, an annual deflation factor of seven percent, and predicated on statutory mortality tables. The valuation method accepted by the trial court in this case clearly comports with the requirements set forth in *Boyd v Boyd,* 116 Mich App 774, 779-780; 323 NW2d 553 (1982). We find that the trial court did not clearly err in its determination of the present value of plaintiff's pension plan.

Next, defendant submits that the trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erred in its determination that the value of the vacant lot awarded to plaintiff was $4,000. Defendant testified that she bought the property for $2,000 with tip money she had earned working as a waitress in prior years, and stated her belief that the vacant lot was now worth $18,000, or $10,000 without a seawall. Plaintiff testified that the lot was purchased for $2,200 or $2,300 in the mid-1970s and that, based on conversations with real estate agents, the lot was worth $4,000. Neither party presented expert testimony on the appraisal question.

We believe that defendant cannot complain that the finding by the trial court is erroneous, when no expert testimony was presented on the question and there was no offer to bring in a professional appraiser nor a request to supplement the record. See *Curylo v Curylo,* 104 Mich App 340, 351-352; 304 NW2d 575 (1981). Moreover, the trial court had the best opportunity to view the demeanor of the witnesses and to weigh their credibility. See *Pelton v Pelton,* 167 Mich App 22, 26; 421 NW2d 560 (1988). We are unable to say that the trial court clearly erred in its valuation of the vacant lot.

Defendant claims that she is entitled to a larger share of the marital estate and a larger award of alimony since she helped support plaintiff while he earned his Bachelor of Arts degree at St. Thomas College in Minnesota. In support of her contention, defendant relies on *Carlson v Carlson,* 139 Mich App 299; 362 NW2d 258 (1984), and *Olah v Olah,* 135 Mich App 404; 354 NW2d 359 (1984). Defendant's reliance on the above cases is misplaced.

This Court has held that one spouse may be entitled to share in the value of an *advanced* degree earned by the other spouse as a result of the efforts of both spouses during the marriage,

either as a marital asset to be distributed to the parties as property or as a factor in awarding alimony. See *Daniels v Daniels,* 165 Mich App 726, 731; 418 NW2d 924 (1988). However, this analysis has not been applied where an undergraduate degree is at issue. Thus, the trial court did not err by failing to consider plaintiff's undergraduate degree in the division of the marital assets or the award of alimony.

Defendant contends that the trial court abused its discretion in awarding alimony by not accepting unrebutted medical testimony as to her mental illness and by ignoring the issue of rehabilitative alimony. Defendant further argues that the trial court failed to consider that she would have to pay for her own health insurance out of the amount of alimony set by the court and that the court also failed to consider her lack of job skills.

An award of alimony is within the trial court's discretion. *Pelton, supra,* p 27. This Court reviews an alimony order de novo, but will not modify an award unless convinced that, had it been in the position of the trial court, it would have reached a different result. *Parrish v Parrish,* 138 Mich App 546, 553; 361 NW2d 366 (1984). The factors to be taken into consideration in determining a party's entitlement to alimony include: (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the ability of the parties to work; (4) the source and amount of property awarded to the parties; (5) the age of the parties; (6) the ability of the parties to pay alimony; (7) the present situation of the parties; (8) the needs, health, and prior standard of living of the parties; (9) whether the parties support others; and (10) general principles of equity. *Vance v Vance,* 159 Mich App 381, 387; 406 NW2d 497 (1987).

The parties in the present case were married

approximately twenty-one years. Plaintiff started working for a division of the Chrysler Corporation in 1968 and stayed after the division was taken over by General Dynamics in March, 1982. In 1985 plaintiff's salary was $52,000, in 1986 it was over $60,000, and it is expected that his income will continue to rise in the future. During the marriage, defendant raised the children and maintained the home. Defendant sporadically worked part-time as a waitress, but otherwise had no appreciable job skills. At the time of the divorce, defendant was forty-one years old and had possible mental problems, including schizophrenia as noted by the circuit court.

Initially, we note that defendant is wrong in her assertion that the trial court did not consider rehabilitative alimony. That is precisely what the trial court did in this case. The trial court awarded alimony in the amount of $115 per week for a maximum period of four years, or until defendant's remarriage, death or full-time employment. In setting the alimony, the trial court rejected Dr. VanDeventer's conclusion that defendant was completely unemployable; however, the court acknowledged that defendant suffered from some schizophrenia. Contrary to defendant's assertions, the trial court was not obliged to accept Dr. VanDeventer's conclusions as to defendant's mental conditions or her ability to work. See *Vial v Vial*, 369 Mich 534, 537; 120 NW2d 249 (1963). The court in the present case determined that there was an ability on the part of defendant to continue to work as a waitress at least part-time and subsequently awarded defendant adjustment alimony to assist her in "getting things together."

Nevertheless, we are convinced that we would have reached a different result in this case had we been in the position of the trial court, *Parrish,*

*supra,* and we exercise de novo review of the evidence to decide upon an appropriate award of alimony in this case. MCR 7.216(A)(7). See *Thomas v Thomas (After Remand),* 164 Mich App 618, 624; 417 NW2d 563 (1987); *Diephouse v Diephouse,* 127 Mich App 526; 339 NW2d 42 (1983). Our review of the record persuades us that there is serious doubt whether defendant, in spite of her best efforts, will be able to fully support herself at the end of the four-year period and that it would be inequitable to eliminate alimony as a source of support in this case. However, we believe that the amount of the alimony set by the trial court is sufficient for defendant to pay her own health insurance costs, particularly if the alimony is supplemented by her earnings from part-time employment. We therefore hold that the $115 per week alimony is to continue on a permanent basis but note that the circuit court has the authority to modify the alimony award upon a showing of change in circumstances. MCL 552.28; MSA 25.106.

The judgment of divorce is affirmed in part and reversed in part.