THOMPSON v THOMPSON

Docket No. 123653. Submitted February 5, 1991, at Grand Rapids. Decided May 7, 1991, at 9:15 A.M.

Karen Thompson brought an action in the Kent Circuit Court, seeking a divorce from Joseph Thompson. The court, Robert A. Benson, J., entered a judgment awarding sixty percent of the marital assets to the plaintiff and forty percent to the defendant, except for the defendant's employee profit sharing and retirement plan, for which each party was awarded fifty percent of the plan's present value on the date the divorce complaint was filed. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court erred in not dividing the profit sharing and retirement plan in the same ratio it divided the other marital assets. The trial court's view of the evidence with regard to the plan was not plausible.

2. The trial court did not err in determining that, given the circumstances of this case, the proper date of valuation of the plan for purposes of its division was the date on which the complaint was filed. On remand, the court is to divide the present value of the plan on the date on which the complaint was filed in the same ratio it divided the other marital assets.

Affirmed in part, reversed in part, and remanded.

DIVORCE — PROPERTY DIVISION — PROFIT SHARING AND RETIREMENT PLANS.

A trial court in a divorce action, in the exercise of its discretion, as part of its division of a marital estate may choose the date on which the complaint for divorce was filed as the date for determining the present value of one party's employee profit sharing and retirement plan.

*John A. Watts,* for the plaintiff.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 948, 949.

Proper date for valuation of property being distributed pursuant to divorce. 34 ALR4th 63.

*Lawson & Marcus* (by *Thomas A. Lawson*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and DOCTOROFF and NEFF, JJ.

PER CURIAM. Plaintiff appeals as of right from a November 10, 1989, judgment of divorce following a trial which encompassed 4½ days scattered over more than a year. We reverse in part.

At oral argument, this Court expressed dismay at the onerous burden placed on these parties in completing a trial which should have taken two days, but actually took sixteen months from the time it began until the time the court rendered its opinion. Since neither party has claimed error requiring reversal due to the fragmented and protracted treatment administered in the circuit court, we can do little more than flag this trouble spot. Responding to questions at oral argument, counsel alluded to an unwritten 17th Circuit Court policy that operated to severely circumscribe trial time—a sort of oppression against divorce litigants. Canon III of the Code of Judicial Conduct exhorts diligence as well as impartiality and, although this may not be the forum for affording relief, we are constrained to admonish against any such tyranny.

Plaintiff-appellant raises six specifications of error, the first of which we find meritorious. The trial court erred in excluding from a 60/40 property division the defendant's employee profit sharing and retirement plan. We hold that the trial court's view of the evidence in this regard is not plausible and we reverse, employing the standard enunciated in *Beason v Beason,* 435 Mich 791; 460 NW2d 207 (1990). While the court did not err in assessing fault or in its division ratio, the court's

professed reason for excluding this major asset from that division is contradictory and implausible. The court stated:

> And although the other assets are being divided 60/40, the court is dividing the present value of the pension plan as of the date of the filing of the divorce equally, since this appears to be one of the major assets and should in all fairness to both parties be divided that way.

The court did not err in its determination of the valuation date because that determination is committed to the court's sound discretion and, in this case, the court clearly had a plausible reason for choosing the date on which the divorce complaint was filed rather than the date of the divorce judgment. *Sullivan v Sullivan,* 175 Mich App 508; 438 NW2d 309 (1989). To the extent that *Kurz v Kurz,* 178 Mich App 284; 443 NW2d 782 (1989), holds otherwise, we disagree with the majority therein and agree with the partial dissent by Judge MURPHY. It would take an exercise in casuistry to fix a judgment date valuation in a divorce case where the trial court specifically found that the objects of matrimony had been irreconcilably destroyed by the time the complaint was filed. Notwithstanding the broad rule of *Kilbride v Kilbride,* 172 Mich App 421, 437; 432 NW2d 324 (1988), that an employee's retirement plan must be valued at the time of the divorce and should not include "[a]ny accrual of value before or after the marriage," we believe the termination date of the marriage for asset valuation purposes need not be irreducibly identical with the calendar date on which the judgment of divorce was entered. In some situations, and this appears to be one, the termination date of the marriage for purposes of the valuation of an employee retire-

ment plan can predate the entry of the judgment of divorce. In this case, the trial judge did not err in equating the date of the filing of the complaint as the cutoff for valuation of the plan as accrued during the course of the marriage. To the extent that *Kilbride, Kurz,* and *Lesko v Lesko,* 184 Mich App 395; 457 NW2d 695 (1990), may be read as disregarding and discounting the lengthy course of divorce proceedings, we would disagree. However, we do not see so much a conflict as an extension of factual application.

We have examined the four remaining specifications of error and find plausible support in the record for the trial court's view of the evidence. Hence, we may not reverse the trial court's decisions with respect to these issues. *Beason v Beason, supra* at 805.

Affirmed in part, reversed in part, and remanded for entry of an order awarding the plaintiff sixty percent of the value of defendant's employee retirement plan on the date of the filing of the complaint for divorce. Costs to plaintiff.